Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SILVER FERN CHEMICAL, INC., a Washington corporation,

    Plaintiff,

v.

SCOTT LYONS, an individual, TROY KINTO, an individual, KING HOLMES, an individual, ROWLAND MORGAN, an individual, and AMBYTH CHEMICAL COMPANY, a Washington corporation,

    Defendants.

NO. 2:23-cv-00775-TL

**STIPULATED PROTECTIVE ORDER**

The Parties have stipulated to the following provisions (Dkt. No. 65):

1.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff and Defendants (collectively the "Parties" and singularly each a "Party"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER - 1
(NO. 2:23-cv-00775-TL)

The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential material under seal.

2. <u>CONFIDENTIAL MATERIAL</u>

Confidential Material may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pursuant to this Stipulated Protective Order. Unless indicated otherwise, Confidential Material shall include both information designated as CONFIDENTIAL and information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Materials designated as CONFIDENTIAL shall include the following documents, testimony, and tangible things produced, provided, or otherwise exchanged, and all information contained or disclosed therein, that a designating Party believes in good faith is entitled to confidential treatment under applicable law, including but not limited to: (1) information in the nature of confidential business information, including research, investigation, development, commercial, or operational information that is of a confidential or proprietary nature; (2) current or prospective financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential, or competitive nature; (3) confidential or proprietary financial information concerning any individuals; (4) information deemed confidential or non-public by any regulatory body; (5) information otherwise protected by law from disclosure; and/or all material, data, and information obtained, derived, or generated from the foregoing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY material, to the extent the same are not publicly available or otherwise subject to the exclusions herein.

Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall mean the following materials, including documents and testimony, that are not public or do not reflect publicly available information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means and that have not already been shared with the receiving Party: (a) business and other strategic plans; (b) current or prospective corporate financial documents including sales and profit information after April 17, 2023, (c) pricing information dated after April 17, 2023, (d) customer lists, (e) customer quotations and customer orders dated after April 17, 2023, (f) information related to the purchase of product after April 17, 2023; (g) marketing plans and forecasts.

A party may re-produce or otherwise indicate that any items produced in this action before entry of this protective order are either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The Receiving Party of those documents agrees to immediately treat any such designated document as if it had been designated since its production. The term "documents" as used herein shall have the same meaning and scope as set forth in Fed. R. Civ. P. 34(a). After entry of this Protective Order, any documents, testimony, or information to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be clearly so designated before the document, testimony, or information is disclosed or produced, as provided herein.

3. SCOPE

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2)

all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, unless such information enters the public domain as a result of a breach of this protective order.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

Nothing in this Stipulated Protective Order will bar outside counsel from rendering advice to their clients with respect to this litigation, including by relying upon any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that the contents of the information are not disclosed except as permitted by this Stipulated Protective Order. Further, the restrictions or obligations of this Stipulated Protective Order will not be deemed to prohibit discussion of any Confidential Material with anyone if that person already has or obtains legitimate possession of that information.

4.2 <u>Disclosure of Information or Items designated as CONFIDENTIAL</u>. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any material designated CONFIDENTIAL only to:

(a) the receiving Party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, including but not limited to other attorneys, technical advisors, analysts, paralegals, secretaries and other support staff regularly employed by their law firms, provided that such employees are instructed to and do abide by the restrictions of this Stipulated Protective Order;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;

(c) independent consultants or experts provided that disclosure is only to the extent necessary to perform such work, under the conditions set forth in this paragraph. Such expert or consultant must sign the Acknowledgment and Agreement to Be Bound (Exhibit A) and must access the materials in the United States only. The Parties agree that Confidential Material may be disclosed to a consultant or expert only if the consultant or expert (1) is not a current employee or consultant of a designating Party, (2) is not a current officer, director, or employee of any competitor of a Party, and (3) at the time of retention, is not anticipated to become an officer, director, or employee of any competitor of a designating Party. For the avoidance of doubt, any expert or consultant retained by a Party cannot be involved in competitive decision making as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such

as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"), for any competitor of a Party.

(d)     the Court, court personnel, and court reporters and their staff;

(e)     persons or firms retained for the purpose of litigation support (e.g. professional vendors for copy or imaging services retained by counsel to assist in the duplication of Confidential Material; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing, or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians, etc.), provided that counsel for the Party retaining the such persons or firms instructs them not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material at the conclusion of their services or this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order or otherwise agreed upon by the Parties;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person or entity to whom the designating Party agrees in writing.

STIPULATED PROTECTIVE ORDER - 6
(NO. 2:23-cv-00775-TL)

Nothing in this Stipulated Protective Order shall limit disclosure or use by a producing Party of its own Confidential Material.

4.3 Disclosure of Information or Items designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Access to, and disclosure of, any material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to individuals listed in Sections 4.2(a) and (c)–(h).

4.4 Filing Confidential Material. Before filing Confidential Material or discussing or referencing such material in court filings, the filing Party shall confer with the designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating Party will remove the confidentiality designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific Confidential Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 All documents and information that may be produced by a non-Party witness in discovery pursuant to subpoena or otherwise may be designated by such non-Party as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Stipulated Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in these proceedings to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

        5.2    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

        Mass, indiscriminate, or routinized designations are prohibited. A party may use computer technology to assist in designating documents or other materials. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the designating Party to sanctions.

        If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.3     Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: the designating Party must affix the words CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the Parties and any participating non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. A designating Party may designate the entirety of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at any time before the deposition or other pretrial proceeding is concluded, with the right to identify more specific portions of the testimony as to which protection is sought within thirty (30) days. Any Party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be separately bound by the court reporter, who must affix to the top of each page the legend CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as instructed by the designating Party.

(c) <u>Other tangible items</u>: the producing Party must affix in a prominent place on the exterior of the container or containers in which the Confidential Material or item is stored the words CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.4  <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. If a document, testimony, or information is produced that is subject to a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give timely written notice of such inadvertent production, together with a further copy of the subject document, testimony, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or information shall notify the producing Party in writing of such destruction within ten (10) days of receipt of the Inadvertent Production Notice. This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work product privileges. If the receiving Party has disclosed the materials before receiving the Inadvertent Production Notice, the receiving Party shall notify the designating Party in writing of the identity of any persons to whom such materials were disclosed who would not be

entitled to receive such materials under this Stipulated Protective Order. The designating Party shall advise such persons of the terms of this Stipulated Protective Order and request that such persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or to destroy the disclosed materials.

5.5     Trial. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or non-party may challenge a designation of confidentiality at any time. The designating Party bears the burden of establishing confidentiality if a designation is challenged. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

In the event that counsel for a Party receiving Confidential Materials objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate documents, testimony, or information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on

documents, testimony or information addressed by the Designation Objections as provided herein.

6.2    Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the Court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, discovery request, or a court order issued in other litigation that requests or compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

(a) promptly notify the designating Party in writing and include a copy of the subpoena, discovery request, or court order. The recipient of the request, subpoena, or order shall not disclose any Confidential Material pursuant to the request, subpoena, or order prior to the date specified for production on the request, subpoena, or order without the written consent of the designating party;

(b) promptly notify in writing the Party who caused the subpoena, request, or order to issue in the other litigation that some or all of the material covered by the subpoena, request, or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Material may be affected.

The designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Confidential Material, or seek to obtain confidential treatment of such material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order. The Party who received the request, subpoena, or order shall not oppose the designating Party's effort to quash or limit the request, subpoena, or order.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Confidential Materials, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

This stipulated protective order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production or disclosure of privileged information shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other action—of any claim of attorney-client privilege or work product immunity that the disclosing Party would otherwise be entitled to assert with respect to the disclosed privileged information and its subject matter regardless of the circumstances of the production or disclosure. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal proceeding.

10. **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving Party must, upon the request of the producing Party, return, or certify destruction of, all Confidential Material to the producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence, deposition and trial exhibits; expert reports, attorney work product; and consultant and expert work product, even if such materials contain or summarize Confidential Material.

After the termination of this action by entry of a final judgment or order of dismissal (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the provisions of this Stipulated Protective Order shall continue to be binding. This Stipulated Protective Order is, and shall be deemed to be, an enforceable agreement between the Parties. The Parties agree that the terms of this Stipulated Protective Order shall be interpreted and enforced by this Court. The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

11. <u>THIRD PARTY PRODUCTION</u>

11.1   To the extent that discovery or testimony is taken of third parties, the third parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any documents, information or other material, in whole or in part, produced or given by such third parties pursuant to this Stipulated Protective Order.

To the extent that discovery or testimony is taken of a third party and the third party does not designate a non-public document, information or other material, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order, such non-public material shall be treated as CONFIDENTIAL pursuant to this Stipulated Protective Order for thirty (30) days, at which point this designation shall end. If, however, during the thirty (30) day period, the third party designates the material

as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order, the material will be treated as the third party designated it.

11.2  A Party that receives documents from a third party pursuant to a subpoena will reproduce those documents to the other Parties within ten (10) business days of receipt.

It is so ORDERED.

DATED: November 16, 2023

Tana Lin
United States District Judge

STIPULATED PROTECTIVE ORDER - 16
(NO. 2:23-cv-00775-TL)