1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SILVER FERN CHEMICAL, INC., a
Washington corporation,

Plaintiff,

v.

SCOTT LYONS, an individual; TROY
KINTO, an individual; KING HOLMES, an
individual; ROWLAND MORGAN, an
individual; and AMBYTH CHEMICAL
COMPANY, a Washington corporation,

Defendants.

CASE NO. 2:23-cv-00775-TL

ORDER ON MOTION TO SEAL

This matter is before the Court on Plaintiff Silver Fern Chemical, Inc.'s Motion to Seal
(Dkt. No. 54). Having reviewed Defendants' response (Dkt. No. 60), Plaintiff's reply (Dkt.
No. 62), and the relevant record, the Court GRANTS the motion.

## I.    BACKGROUND

The Court assumes familiarity with the facts of the case. On July 19, 2023, the Court
granted in large part Plaintiff's motions to seal various filings related to its motion for a

temporary restraining order ("TRO"). *See* Dkt. No. 52. The Court instructed Plaintiff to file newly redacted versions of certain documents in accordance with the Order. *Id.* at 8. However, the Court did not specifically seal other documents at issue in the motions: Defendants' opposition to Plaintiff's TRO motion (Dkt. No. 26), the Lyons Declaration (Dkt. No. 27), the Kinto Declaration (Dkt. No. 28), and the Holmes Declaration (Dkt. No. 29).

Plaintiff now moves to seal those documents and file redacted versions in accordance with the prior Order. *See* Dkt. No. 54; *see also* Dkt. Nos. 54-1, 54-2, 54-3, 54-4 (redacted versions). Defendants oppose only one of Plaintiff's requests: sealing of the portion of the Holmes Declaration "discussing his compensation as a [Plaintiff] employee." Dkt. No. 60 at 1; *see* Dkt. No. 29 ¶ 5 (declaration). Defendants also raise concerns regarding other redactions and "reserve the right" to address them. Dkt. No. 60 at 3–4.

## II.    DISCUSSION

Defendants primarily argue that "an employee's discussion of their own compensation" is "not confidential under Washington law." Dkt. No. 60 at 1. Specifically, Defendants argue that the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58 *et seq.*, prohibits sealing Holmes' discussion of his wage calculations. *Id.* at 1–3.

As an initial matter, this issue was already raised by Defendants (and addressed by Plaintiff) in the briefing on Plaintiff's prior motions to seal. *See* Dkt. No. 42 at 9; Dkt. No. 46 at 6–7. The Court ultimately ruled that details of Plaintiff's compensation structure may be sealed, though it did not specifically order sealing of the documents at issue here. *See* Dkt. No. 52 at 4–5. Thus, Defendants' opposition to the instant motion is, in effect, a motion for reconsideration. Under that rubric, Defendants have not shown "manifest error" in the Court's prior Order, and the Court will not disturb its conclusion. Local Civil Rule ("LCR") 7(h)(1).

1    However, even upon another review, the Court continues to find that the subject

2  information may be sealed, as it constitutes part of Plaintiff's compensation structure. *See Kazi v.*

3  *PNC, Bank, N.A.*, No. C18-4810, 2020 WL 12862940, at *1 (N.D. Cal. Jan. 22, 2020); *Gomo v.*

4  *NetApp, Inc.*, No. C17-2990, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019). In his

5  declaration, Defendant Holmes explains his unhappiness with the way Plaintiff calculated his

6  compensation. *See* Dkt. No. 29 ¶ 5. As Plaintiff previously explained, "the market for hiring

7  commission salespeople in the chemical industry is extremely competitive," and disclosure of

8  Plaintiff's compensation structure would give competitors "an advantage in attempting to hire

9  [Plaintiff] salespeople." Dkt. No. 46 at 7; *see* LCR 5(g)(3)(B)(i)–(ii). Moreover, Plaintiff's

10  redactions appear to be the least restrictive means to protect this interest and avoid injury. *See*

11  LCR 5(g)(3)(B)(iii). Plaintiff has thus demonstrated "compelling reasons" to seal this

12  information. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

13    Defendants' arguments regarding EPOA are unavailing. The statute is aimed at protecting

14  an employee's discussion of wages with their employer and other employees by imposing

15  various restraints on employer behavior. *See, e.g.*, RCW 49.58.040(1)(a)–(b) (prohibiting

16  employer from conditioning employment on nondisclosure of wages); RCW 49.58.040(2)(a)–(c)

17  (prohibiting employer from retaliating for discussing wages, asking employer about wages, or

18  aiding an employee in exercising rights under EPOA). Defendants provides guidance for

19  employers issued by the Washington Department of Labor and Industries ("L&I"), which further

20  bears out this meaning. *See* Dkt. No. 60 at 7–27. L&I provides examples of protected activity:

21  
22  
23  
24  
- An employee *asking their employer* for a pay raise
- An employee *asking their employer* for the reason why they are paid at a specific rate
- An employee comparing wages *with other employees*
- An employee *asking their employer* to confirm what their pay rate is

*Id.* at 15 (emphases added). L&I also states that one factor it considers when determining if EPOA is violated is "[w]hether the employer prohibited the employee from inquiring about, disclosing, comparing, or otherwise discussing their wages *with other employees*." *Id.* (emphasis added). By seeking to narrowly redact the details of its compensation structure in a public court filing, Plaintiff is neither conditioning employment on nondisclosure of wages nor retaliating for disclosure of wages. The Court also notes that Plaintiff does not seek to redact the total compensation paid to any of Defendants. *See* Dkt. No. 62 at 3. Thus, Plaintiff has demonstrated compelling reasons to seal the details of its compensation structure vis-à-vis the public, and EPOA does not abrogate those reasons.

Finally, Defendants "reserve the right to readdress redactions sought by Plaintiff of certain information related to customer identities and associated needs and transactions, as well as certain financial information, as additional information and discovery become available as this matter unfolds." Dkt. No. 60 at 3. Defendant Kinto also "challenges Plaintiff's sought redactions of customer and vendor information deemed not confidential pursuant to his confidentiality agreement." *Id.* at 4. These issues were also raised in the briefing on Plaintiff's previous motions to seal, and Defendants do not demonstrate "manifest error" in the Court's prior Order. LCR 7(h)(1). Defendants may renew their application at a later time, as appropriate.

## III.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   Plaintiff's Motion to Seal (Dkt. No. 54) is GRANTED.

(2)   The Clerk SHALL promptly seal Defendant's TRO opposition (Dkt. No. 26), the Lyons Declaration (Dkt. No. 27), the Kinto Declaration (Dkt. No. 28), and the Holmes Declaration (Dkt. No. 29).

1    (3)    Plaintiff SHALL file the redacted versions of the above documents (Dkt. Nos. 54-1,

2    54-2, 54-3, 54-4) on the docket **within fourteen (14) days** of this Order.

3    Dated this 20th day of December 2023.

 

 

Tana Lin
United States District Judge