UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>          Plaintiffs,<br>     v.<br><br>SCOTT LYONS, an individual; TROY KINTO, an individual; KING HOLMES, an individual; ROWLAND MORGAN, an individual; and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>          Defendants. | CASE NO. 2:23-cv-00775-TL<br><br>ORDER ON MOTION TO AMEND COUNTERCLAIMS |
| SCOTT LYONS, an individual, and KING HOLMES, an individual,<br><br>          Counterclaim Plaintiffs,<br>     v.<br><br>SILVER FERN CHEMICAL, INC., a Washington corporation; SAM KING, an individual; and LISA KING, an individual,<br><br>          Counterclaim Defendants. | |

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 1

1   This matter is before the Court on Counterclaim Plaintiffs' Motion for Leave to Amend
2   Counterclaims. Dkt. No. 147. Having reviewed Counterclaim Defendants' response (Dkt.
3   No. 154), Counterclaim Plaintiffs' reply (Dkt. No. 155), and the relevant record, the Court
4   DENIES the motion.

5   **I.   BACKGROUND**

6   The Court assumes familiarity with the facts of this matter. Relevant to the instant
7   motion, on October 27, 2023, the Court set a trial scheduling order setting pretrial deadlines,
8   including a deadline of February 23, 2024, for amended pleadings. Dkt. No. 63. On December
9   19, 2023, the Court granted in part a motion to dismiss the Complaint. Dkt. No. 70. On January
10  18, 2024, Plaintiff filed its First Amended Complaint. Dkt. No. 77. After a meet and confer, the
11  Parties stipulated to the filing of a Second Amended Complaint, which was filed on February 15.
12  Dkt. Nos. 82, 83. Defendants (except for Defendant Troy Kinto, who filed separately) filed their
13  Answer and Counterclaims on February 29. Dkt. No. 85. On March 14 and April 15, the Parties
14  met and conferred about Defendants' counterclaims, and on April 26, Defendants filed their
15  Answer and Amended Counterclaims. Dkt. No. 97. On May 10, Plaintiff and Third-Party
16  Defendants filed a motion to dismiss the amended counterclaims, which was granted in part and
17  denied in part on August 29. Dkt. Nos. 100, 152.
18  On August 2, counsel for Counterclaim Plaintiffs Scott Lyons and King Holmes reached
19  out to Counterclaim Defendants to see if they would stipulate to further amendment of the
20  counterclaims to include a claim under Seattle Municipal Code ("SMC") 14.20 *et seq.*, also
21  known as the Seattle Wage Theft Ordinance ("SWTO"). Dkt. No. 148 (Berry Declaration) ¶ 4.
22  Not receiving a response, counsel reached out again on August 12, and on the same day,
23  Counterclaim Defendants indicated that they would not so stipulate. *Id.*
24

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 2

On August 19, Counterclaim Plaintiffs filed the instant motion to amend their counterclaims. Dkt. Nos. 147, 155. Counterclaim Defendants oppose. Dkt. No. 154.

## II. LEGAL STANDARD

Once a court has entered a scheduling order, the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) initially governs a plaintiff's ability to amend their complaint. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (affirming denial of a belated motion to amend); *see also Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming denial of amendment where request to amend came eight months after the deadline). Good cause, for the purposes of Rule 16(b)(4), looks to whether a scheduled deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting the Rule 16 advisory committee's note to 1983 amendment).

If the good cause standard is met, a party must then show that (1) the amendment is proper and (2) that leave is appropriate. *See Nat'l Prods. Inc. v. Akron Res., Inc.*, No. C15-1553, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016) (describing the "two hurdles" for amendments under Rules 16(b) and 15(a)); *Soaring Helmet Corp. v. Nanal, Inc.*, No. C09-0789, 2011 WL 39058, at *4 (W.D. Wash. Jan. 3, 2011) (same). This standard is to be applied with "extreme liberality," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), to facilitate the decision of cases "on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). *See also* Fed R. Civ. P. 15(a) ("[t]he court should freely give leave when justice so requires").

Courts in this Circuit consider five factors to assess whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 3

of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982).

### III. DISCUSSION

Counterclaim Plaintiffs contend that there is good cause to amend the scheduling order because "Counterclaim Defendants' resistance to producing documents related to Counterclaim Plaintiffs' counterclaims, *i.e.*, claims of wrongful withholding of wages under RCW 49.48, .52 *et seq.* . . . has alerted Counterclaim Plaintiffs of [Defendant] Holmes' claim under SMC 14.20 *et seq.*" Dkt. No. 147 at 6. Specifically, Counterclaim Plaintiffs assert that Counterclaim Defendants' production of only 24 documents suggests they are not complying with discovery or are in violation of the SWTO. *See id.* at 6–7. Counterclaim Plaintiffs also argue that Counterclaim Defendants would not be prejudiced by amendment, nor do any other *Allen* factors support denial of amendment. *See id.* at 7–9.

In response, Counterclaim Defendants argue that "[t]he sudden realization that a counterclaim under SMC 14.20 *et seq.* could be added is not 'born from ongoing discovery' but rather 'born from' Defendants/Counterclaim Plaintiffs' repeated negligence and lack of diligence." Dkt. No. 154 at 5. After all, "[w]hen the counterclaims were originally filed, [Defendant] Holmes knew or should have known when he received commissions during his employment with [Plaintiff] Silver Fern and whether he received a detailed printed accounting of commissions monthly." *Id.* at 6. Counterclaim Defendants also argue that the amendment is in bad faith and prejudicial. *See id.* at 6–7.

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 4

Here, the Court will deny the motion because Counterclaim Plaintiffs cannot demonstrate good cause to amend the scheduling order. Fed. R. Civ. P. 16(b)(4). They seek to add the new SWTO claim based only on the following factual allegations to be added to their pleadings: (1) Defendant Holmes was employed by Plaintiff in Seattle (Dkt. No. 147 at 45 ¶ 1.2); (2) Defendant Holmes worked from Plaintiff in Seattle, as well as from his home office, also in Seattle (*id.* at 47 ¶ 1.12); and (3) "[Defendant] Holmes was provided summary documentation regarding his commissions on a quarterly basis, without any details regarding when payment was received from customers" (*id.* at 48 ¶ 1.15). All this information was known to Counterclaim Plaintiffs when they first filed their counterclaims on February 29 and when they amended their counterclaims on April 26; indeed, this information was known at the outset of this matter in May 2023. Counterclaim Plaintiffs' failure to make these factual allegations (and to investigate and allege all possible legal claims arising from them) until almost six months after the amended pleadings deadline cannot be squared with a finding of diligence under Rule 16(b).[1] *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *see also, e.g.*, *Kamal v. Eden Creamery*, 88 F.4th 1268, 1277 (9th Cir. 2023) (affirming denial of amendment where plaintiff was not diligent in adding a party). Finally, to the extent that Counterclaim Plaintiffs also raise discovery issues in the instant motion, the Court notes that they could have moved for an extension of discovery deadlines or other relief (*e.g.*, motion to compel) but they did not do so in a timely manner.

//

//

---

[1] The Court thus need not reach the Parties' arguments under Rule 15(a). Still, the Court notes that Counterclaim Plaintiffs may have engaged in undue delay in seeking amendment. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 5

## IV. CONCLUSION

Accordingly, Counterclaim Plaintiffs' Motion for Leave to Amend Counterclaims (Dkt. No. 147) is DENIED.

Dated this 18th day of September 2024.

Tana Lin
United States District Judge