||||
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SCOTT LYONS, an individual; TROY KINTO, an individual; KING HOLMES, an individual; ROWLAND MORGAN, an individual; and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>　　　　　Defendants. | | CASE NO. 2:23-cv-00775-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |
| SCOTT LYONS, an individual; and KING HOLMES, an individual,<br><br>　　　　　Counterclaim Plaintiffs,<br>　　v.<br><br>SILVER FERN CHEMICAL, INC., a Washington corporation; SAM KING, an individual; and LISA KING, an individual,<br><br>　　　　　Counterclaim Defendants. | | |

This matter is before the Court on Plaintiff's request to reconsider the Court's prior Order denying a Temporary Restraining Order ("TRO"). Dkt. No. 124 (sealed) at 11–14. Having reviewed the briefing and the relevant record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court DENIES the motion.

## I. BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to the instant motion, Plaintiff Silver Fern Chemical, Inc., filed a motion for TRO at the outset of this matter. *See* Dkt. No. 22. That motion was denied, as Plaintiff was not able to show a likelihood of success on the merits or a balance of equities sharply in its favor such that serious questions on the merits would be sufficient. *See* Dkt. No. 40; *see also infra* Section II.A.2 (legal standard for preliminary relief). Through discovery, Plaintiff uncovered evidence indicating that, in opposition to the motion for TRO, Defendant King Holmes misrepresented to the Court his contact with prior customers, and Plaintiff accordingly filed a motion for sanctions. *See* Dkt. No. 124 at 4–8. That motion was granted, on the basis that Defendants had acted in bad faith and made a material misrepresentation to the Court. *See* Dkt. No. 151 (order) at 3–6.

As part of its motion for sanctions, Plaintiff also requested that the Court reconsider its denial of the TRO. *See* Dkt. No. 124 at 11–14. Defendants declined to address this request in their response but offered to brief the issue if requested. *See* Dkt. No. 138 at 8. Accordingly, Defendants were ordered to file a supplemental brief on the issue. *See* Dkt. No. 166. Plaintiff was given an opportunity to reply, and it did. *See* Dkt. No. 175.

## II. LEGAL STANDARDS

**A.  Motion for Reconsideration**

"Motions for reconsideration are disfavored." Local Civil Rule ("LCR") 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts

or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving party bears a "heavy burden"). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**B.      Motion for Temporary Restraining Order**

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7.

A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the preliminary relief; (3) that a balancing of equities tips in favor of the injunction; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. All four *Winter* elements must be satisfied. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022); *see also Winter*, 555 U.S. at 20–22 (rejecting an approach that permitted mere "possibility" of irreparable harm where there was a strong likelihood of success on the merits). The Ninth Circuit, however, permits a "sliding scale" approach as to the first and

third factors: "[W]hen the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits,'" rather than showing a likelihood of success on the merits. *hiQ Labs, Inc.*, 31 F.4th at 1188 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); *Cottrell*, 632 F.3d at 1134–35 (holding that, after *Winter*, the "serious question" sliding scale survives in the Ninth Circuit, provided that the other two elements are also shown).

### III.  DISCUSSION

As an initial matter, the Court previously found that Plaintiff's motion for reconsideration is appropriately presented, as it is "based on new evidence uncovered in discovery that could not have been presented with the motion for TRO at the outset of this matter." Dkt. No. 151 at 7. Thus, the Court will proceed to the merits of the request.

Plaintiff asks the Court to "reconsider its motion to preliminarily enjoin Defendants Holmes and Ambyth from doing business with those customers from [Plaintiff's] confidential and trade secret customer list that Defendant Holmes solicited and transacted business with prior to signing his false declaration." Dkt. No. 124 at 11. Plaintiff identifies seven specific customers as the subjects of the proposed TRO. *See id.*

Here, the Court will deny the motion, as Plaintiff cannot demonstrate the likelihood of irreparable harm in the absence of the TRO.[1] *See Winter*, 555 U.S. at 20. While the Ninth Circuit has recognized that the "threatened future loss of clients and their associated goodwill" is the "type[ ] of harm [that] can be considered irreparable as they can be 'difficult to valuate,'" *Aitkin v. USI Ins. Servs., LLC*, No. 21-35497, 2022 WL 1439128, at *2 (9th Cir. May 6, 2022) (quoting

---

[1] As Plaintiff fails on the second *Winter* factor, the Court does not reach the remaining factors. Further, the "sliding scale" analysis does not apply here.

ORDER ON MOTION FOR RECONSIDERATION - 4

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)), there are two important circumstances here that guide the Court's analysis.

First, Defendant Holmes (and Defendants Lyons and Kinto) have been employed at Defendant Ambyth since April 17, 2023—that is, for almost a year and a half before Plaintiff's motion to reconsider was filed. Of course, the delay is no fault of Plaintiff, as the basis for this motion was only revealed in discovery. But at this stage, Plaintiff alleges that it has already lost specific customers; Plaintiff does not demonstrate how, in the absence of a TRO, there would be irreparable loss of clients and goodwill from the same customers who shifted their business.

Second, as Defendants point out (Dkt. No. 166 at 5), Plaintiff retained an expert, Neil Beaton, whose report offers a valuation of Plaintiff's profits lost on account of Defendants' actions (as well as a projection of future lost profits). *See* Dkt. No. 119-2. Indeed, the sales done by Defendant Ambyth with the seven customers at the heart of this motion are known to the Parties. *See* Dkt. Nos. 132-8, 132-9. All this evidence strongly suggests that damages in this matter can be (and have been) valued and can be awarded after success at trial. *See, e.g.*, *Studio 010, Inc. v. Digit. Cashflow LLC*, No. C20-1018, 2020 WL 3605654, at *2 (July 2, 2020) ("[A]ny damages resulting from lost profits are purely financial and do not support a finding of irreparable harm."); *Rent-A-Ctr.*, 944 F.2d at 603 ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

### IV.   CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 124 at 11–14) is DENIED.

Dated this 3rd day of October 2024.

Tana Lin
United States District Judge