UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>  Plaintiff,<br>   v.<br><br>SCOTT LYONS, an individual; TROY KINTO, an individual; KING HOLMES, an individual; ROWLAND MORGAN, an individual; and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>  Defendants. | CASE NO. 2:23-cv-00775-TL<br><br>ORDER ON LCR 37 JOINT MOTION TO COMPEL |

This matter is before the Court on the Parties' LCR 37 Joint Submission. Dkt. No. 183. Having reviewed the joint submission, Defendants' Objections to Plaintiff's Proposed Order (Dkt. No. 186), and the relevant record, the Court DENIES Plaintiff's request to compel supplemental production by Defendants of recent Sales by Customer Reports.

Plaintiff served a request for production that included a request for: (1) documents showing Defendant Ambyth's sales volumes by month "from April 1, 2020 to the present"

ORDER ON LCR 37 JOINT MOTION TO COMPEL - 1

(Request for Production ("RFP") No. 13); (2) documents showing every customer with whom Defendant Ambyth has done business "from April 15, 2021 to the present" (RFP No. 14); and (3) documents showing every vendor with whom Defendant Ambyth has done business "from April 15, 2021 to the present" (RFP No. 15). Dkt. No. 183 at 4–5. Defendants provided customer revenue summaries through April 2024. *Id.* at 11. The Court notes that expert disclosures were due on April 16, 2024, and discovery was to be completed by June 14, 2024. *See* Dkt. No. 63. In October 2024, Plaintiff requested Defendant Ambyth supplement its discovery responses and produce updated Sales by Customer Reports[1] through September 2024. Dkt. No. 183 at 3. In the instant motion, Plaintiff now requests these Reports "both to the present and on a monthly basis through trial." *Id.* at 4.

As a preliminary matter, Defendants assert that Plaintiff failed to properly meet and confer on all three of its requests as required by LCR 37(a)(2) because the Customer Reports had only been provided in response to RFP 13. *Id.* at 15. Plaintiff seems to argue that the Reports are responsive to all three RFPs at issue. As the correspondence during the meet and confer process referred to "Sales by Customer Summaries" and not any specific RFP (Dkt. No. 185 at 19), any requests to which the Reports are responsive are considered part of the instant motion. However, as the Customer Reports do not contain information related to vendors (*see, e.g.*, Dkt. Nos. 132-9, 132-10), the Court finds that Plaintiff did not properly meet and confer with Defendants about RFP 15 and thus will not consider Plaintiff's request for additional vendor information. The Court finds Plaintiff did properly meet and confer with Defendants regarding RFP 13 and 14.

---

[1] The customer revenue summaries and Sales by Customer Reports appear to be the same. Plaintiff also referred to these as simply "Customer Summaries" in their correspondence with Defendants during the meet and confer process. Dkt. No. 185 at 19. The Court will refer to them as Customer Reports or Reports in this Order.

   The time frame set for Plaintiff's requests was from a certain date "*to the present*." Dkt. No. 183 at 4–5 (emphasis added). Defining the time frame to include the phrase "to the present" clearly indicated a cutoff date for the request (versus if the request had simply ended after "April 15, 2021," or requested documents "through the date of trial"). A requesting party is the master of its own requests and the phrasing of its requests. While the Court is uncertain about the date that Plaintiff issued its request, the cutoff date for discovery pursuant to its own phrasing would be the date the request was issued. *See Present*, *Black's Law Dictionary* (12th ed. 2024) (defining "present" as "[n]ow existing" or "at hand"); *Present*, Merriam-Webster, https://perma.cc/CKP2-KEZ8 (last visited Dec. 8, 2024) (defining "present" as "the present time"). *See also Hnot v. Willis Grp. Holdings Ltd.*, No. C01-6558, 2006 WL 2381869, at *2 n.4 (S.D.N.Y. Aug. 17, 2006) ("Contrary to what plaintiffs seem to assume, a statement referring to 'the present' generally does not refer to any moment in time beyond when the statement was made. . . . The same logic applies to discovery requests; thus, a discovery request dated January 16, 2002, for documents extending 'to the present' only requires production of documents in existence on or before January 16, 2002."); *In re High Fructose Corn Syrup Antitrust Litig.*, Nos. MDL 1087, 95-1477, 2000 WL 33180835, at *3 (C.D. Ill. July 19, 2000) ("[T]he July 15, 1997, discovery request was for information 'to present,' *i.e.*, through July 15, 1997.").

   Rule 26 only requires supplementation "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement "is directed at discovery material that was generated during the relevant time frame, previously not produced, and then subsequently discovered." *Avalyn Pharma, Inc. v. Vincent*, No. C20-2267, 2023 WL 11960618, at *3 (S.D. Cal. Oct. 20, 2023). Defendants assert that "Ambyth's production was complete

through the discovery cutoff (and [Plaintiff] does not contend otherwise)" and that Plaintiff "never made a supplementation request for such documents." Dkt. No. 183 at 15–16. Plaintiff neither challenges Defendant Ambyth's production through the discovery cutoff as incomplete nor provides any proof that it requested supplementation of what Defendant Ambyth produced for any time period outside its original request before the deadline for discovery passed. Instead, Plaintiff asserts a need for "additional [Plaintiff] customers who have started doing business with Defendant up through the date of trial." *Id.* at 23. While the Court understands the need for this discovery, that does not change the fact that Plaintiff only requested the Reports "to the present" and not through trial. Plaintiff seems to assert that because it asked for Defendant Ambyth's sales volumes at all, it is entitled to the information through the date of trial. But that is simply not how Plaintiff phrased its discovery request, and the Court cannot correct Plaintiff's self-inflicted injury. *See Vincent*, 2023 WL 11960618, at *3 ("Rule 26(e)(1) generally does not create a duty to continuously produce discovery generated after the close of fact discovery through the eve of trial.").

As Plaintiff's request for the Customer Reports was only "to the present" (*i.e.*, the date it issued its discovery request) and Plaintiff does not contest that Defendant Ambyth's production through that date is incomplete, the Court DENIES Plaintiff's request for further supplementation of the Reports.

Dated this 9th day of December 2024.

Tana Lin
United States District Judge