UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>                Plaintiff,<br>    v.<br><br>SCOTT LYONS, an individual; TROY KINTO, an individual; KING HOLMES, an individual; ROWLAND MORGAN, an individual; and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>                Defendants. | CASE NO. 2:23-cv-00775-TL<br><br>ORDER ON MOTION TO PRECLUDE EVIDENCE AT TRIAL |

      This is an action for damages and injunctive relief for the misappropriation of trade secrets, breach of contract, and other related claims. This matter is before the Court on Defendants' Motion to Preclude Evidence at Trial of Plaintiff's Undisclosed Damages. Dkt. No. 190. Having considered Plaintiff's response (Dkt. No. 194), Defendants' reply (Dkt. No. 196), and the relevant record, the Court DENIES Defendants' motion.

# I. BACKGROUND

The Court assumes familiarity with the background of this case and only sets out relevant developments below. *See* Dkt. No. 180 (order granting in part and denying in part motion for summary judgment) at 2–6.

Plaintiff's complaint, originally filed on May 24, 2023, asserts causes of action for breach of duties of loyalty and confidentiality; tortious interference; and trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(3)(B)(i)(II), and the Washington Uniform Trade Secrets Act ("WUTSA"), RCW 19.108.030(1). Dkt. No. 158 (operative second amended complaint); Dkt. No. 13-1 (initial corrected redacted complaint). In addition to actual damages, Plaintiff alleges that it is "entitled to recover the amounts by which Defendants have been unjustly enriched by their misappropriation." Dkt. No. 13-1 ¶¶ 158, 172; Dkt. No. 158 ¶¶ 162, 172.

Plaintiff's initial disclosures, served in August 2023, stated that, for Defendants' alleged breaches of the WUTSA and DTSA and tortious interference, "Plaintiff is entitled to damages equal to the loss of value to its trade secret and confidential information; the loss of value of the goodwill, economic relationships, and business opportunities that Plaintiff would have enjoyed but for Defendants' tortious interference; and the amounts by which Defendants have been unjustly enriched by their tortious interference." Dkt. No. 191-1 (initial disclosures) at 8. Plaintiff's initial disclosures did not include a calculation of unjust enrichment damages. *See id.*

Defendants' first set of interrogatories, served in December 2023, requested that Plaintiff "identify and describe the amount of damages and the basis for the claims, including mathematical calculations and theories used to arrive at that amount," for "any and all damages or losses" claimed by Plaintiff. Dkt. No. 119-1 (Plaintiff's supplemental responses and objections to Defendants' first interrogatories and requests for production) at 3. Plaintiff's initial

responses, served in February 2024, noted that "Defendants are currently in exclusive possession of documents necessary for Plaintiff to calculate its damages" and stated that Plaintiff would "supplement this Response at the appropriate time and after the benefit of discovery." *Id.* at 4.

Around the same time that Defendants issued their first set of interrogatories, Plaintiff requested from Defendants sales data for 2023 through 2024. *See* Dkt. No. 195 at 2–3. In amended responses served in November 2023, Defendants stated:

> Subject to the terms of the parties' Stipulated Protective Order, once entered by the Court, Defendants will produce non-privileged, non-attorney work product documents to identify gross profits from transactions with customers who have done business with Defendants since April 15, 2023, who, to Defendants' knowledge, were customers of Silver Fern on April 15, 2023, and with whom Rowland Morgan had no contact prior to April 15, 2023.

*Id.*

On April 26, 2024, Plaintiff provided a supplemental response to Defendants' first set of interrogatories and requests for production. *See* Dkt. No. 119. The supplemental response identified the Expert Report of Neil J. Beaton as responsive to Defendants' request for the amount of damages Plaintiff sought, but it did not offer any information regarding damages for unjust enrichment. *Id.* at 4. In May 2024, Defendants produced the 2023 through 2024 sales data requested by Plaintiffs. Dkt. No. 195 at 3. On July 5, 2024, Defendants supplemented their response to Plaintiff's first set of interrogatories to identify a document containing "all customers and vendors with whom Ambyth did business for the first time in the part 12 months with whom Rowland Morgan had no contract prior to April 15, 2023." *Id.*

On July 11, 2024, Defendants filed their motion for summary judgment. *See id.*; Dkt. No. 118. In Plaintiff's opposition, filed on August 1, 2024, Plaintiff disclosed the total amount of

ORDER ON MOTION TO PRECLUDE EVIDENCE AT TRIAL - 3

damages it seeks for its unjust enrichment claim: $7,617,195.[1] *See* Dkt. No. 129 at 27; *see also* Dkt. No. 132 (Boyd Declaration in Support of Opposition to Motion for Summary Judgment) ¶ 26. Additionally, Plaintiff included four spreadsheets with its opposition, titled "Affected Customers Sales and Profit – Adjusted by Barrick" (Dkt. No. 132-10 at 2–4), "Beaton's Scheduled 2 – Customer Sales and Profit Analysis – Adjusted by Barrick" (Dkt. No. 132-10 at 5–12), "Silver Fern Sales by Customer" (Dkt. No. 132-10 at 13–49), and "Ambyth Sales by Customer" (Dkt. No. 132-10 at 50–55). In its opposition, Plaintiff contended that the total amount of damages it seeks for its unjust enrichment claim can be calculated "by adding the total sales attributable to the 'new' customers identified by Lorraine Barrick." Dkt. No. 132 ¶ 26.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

---

[1] This figure was included in Plaintiff's sealed opposition to Defendants' motion for summary judgment and is redacted in the public version of the filing. *Compare* Dkt. No. 129 at 27, 28 (public), *with* Dkt. No. 131 at 27, 28 (sealed); *see also* Dkt. No. 128 (motion to seal). The four relevant spreadsheets are also sealed. *See* Dkt. Nos. 132 (sealed), 132-10 (sealed). However, the figure is publicly disclosed in Defendants' reply to the instant motion filed on May 6, 2025, and has been in the public record since that time with no objection from Plaintiff. Dkt. No. 196 at 6 n.3. Therefore, the Court is not redacting this figure in this Order.

ORDER ON MOTION TO PRECLUDE EVIDENCE AT TRIAL - 4

Rule 37(c)(1) is an "'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "As the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Id.* (citing *Yeti by Molly*, 259 F.3d at 1106). However, "[t]he automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (3)"—instead, Rule 37(c)(1) authorizes appropriate sanctions in lieu of or in addition to exclusion. *Id.* (emphasis in original). "Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* (citing *Yeti by Molly*, 259 F.3d at 1106–07).

### III.  DISCUSSION

Defendants contend that Plaintiff was obligated to provide a computation of unjust enrichment damages in its initial disclosures, pursuant to Rule 26(a)(1)(A)(iii), and in its discovery responses or expert report, pursuant to Rule 26(e)(1). Dkt. No. 190 at 11, 13. Plaintiffs contend that they did comply with their Rule 26 obligations and that, even if the Court determines otherwise, sanctions are unwarranted under Rule 37(c)(1). Dkt. No. 194 at 9, 12.

**A.    Plaintiff Timely Disclosed its Unjust Enrichment Damages Computation**

Under Rule 26(a)(1)(A)(iii), as part of their initial disclosures, plaintiffs "must provide 'a computation of each category of damages claimed' and must 'make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based.'" *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)). "Rules 26(a)(1)(c) and 26(e)(1) set forth guidelines regarding the timing of initial disclosures." *Id.*

1  Parties are obligated to make initial disclosures within 14 days of the parties' Rule 26(f)
2  conference, or at a time set by stipulation or court order pursuant to Rule 26(a)(1)(c). *See id.*
3  Rule 26(e) "also imposes a continuing obligation to supplement the initial disclosures whenever
4  the parties find that the initial disclosures were 'incomplete or incorrect,' making the operation
5  of Rule 26 the 'functional equivalent of a Standing Request for Production under Rule 34.'" *City*
6  *& County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) (citing
7  Fed. R. Civ. P. 26(e) and Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments);
8  *see also R&R Sails*, 673 F.3d at 1246 ("The advisory committee note to Rule 26 describes this
9  last requirement as 'the functional equivalent of a standing Request for Production under Rule
10 34.'" (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments)). Rule 26(e)
11 imposes the same continuing duty to responses to written discovery responses. *See* Fed. R. Civ.
12 P. 26(e)(1).
13      Plaintiff contends that "[a]t the time of [its] initial disclosures and discovery responses,
14 [it] could not calculate unjust enrichment because Defendants had not produced their sales data
15 for 2023 and 2024." Dkt. No. 194 at 10 (citing Dkt. No. 130 (Boyd Decl.)). After that
16 documentation was produced by Defendants, Plaintiffs "provided the computation of the [unjust
17 enrichment] damages in its Opposition [to Defendants' motion for summary judgment]." *Id.*
18 While Plaintiff admits that it "could have formally updated its . . . initial disclosures"—and,
19 presumably, its response to Defendants' interrogatory number 13—"with its calculated unjust
20 enrichment damages," it argues that the disclosure in its response to Defendants' motion for
21 summary judgments satisfies its burden under the Federal Rules. *Id.* at 10–11. Defendants
22 characterize Plaintiff's disclosure as merely "provid[ing] a damages number and t[elling]
23 Defendants, 'You figure out how we got there'"—and therefore insufficient under the Federal
24 Rules. Dkt. No. 196 at 6.

While Rule 26 "does not elaborate on the level of specificity required in the initial damages disclosure," "the 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis;" accordingly, merely setting forth a figure is insufficient. *Tutor-Saliba*, 218 F.R.D. at 220–21; *see also, e.g.*, *Colombini v. Members of Bd. of Dirs. of Empire Coll. Sch. of Law*, No. C97-4500, 2001 WL 1006785, at *8 (N.D. Cal. Aug. 17, 2001) (finding that disclosure of compensatory damages of $400,000 was insufficient where plaintiff failed to provide a calculation of those damages); *Ishow.com, Inc. v. Lennar Corp.*, No. C15-1550, 2017 WL 3020927, at *4 (W.D. Wash. July 14, 2017) (finding that "production of documents quantifying the investment [plaintiff] made in its mark and the identification of two witnesses who will testify regarding injury to [plaintiff's] reputation" did not satisfy obligation to provide a computation of damages).

Plaintiff argues that it satisfied its continuing duty to supplement its initial disclosures and discovery responses under Rule 26(e) when it produced a total figure for its unjust enrichment damages and supporting documentation in support of its opposition to Defendants' motion for summary judgment. *See* Dkt. No. 194 at 10–12 (citing *Mack v. Cal. Dep't of Corr. & Rehab.*, 790 F. App'x 846, 848 (9th Cir. 2019) (holding that parties are obligated to supplement their initial disclosures if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.")); *see also* Dkt. No. 129 at 27; Dkt. No. 132 (sealed) ¶ 26; Dkt. No. 132-10 (sealed). Plaintiff also argues that under *Mack*, its duty to supplement was satisfied because its computation of damages for unjust enrichment was "made known" to Defendants "during the discovery" process and "in writing" as required by Rule 26(e)(1)(A). Dkt. No. 194 at 11. In *Mack*, the Ninth Circuit found that although defendant had not formally disclosed a particular witness, it "produced documents revealing her

ORDER ON MOTION TO PRECLUDE EVIDENCE AT TRIAL - 7

as one with knowledge pertinent to [plaintiff's] claims. There was no obvious error, then, in refusing to strike her declaration." 790 F. App'x at 848–49.

In the context of the disclosure of a computation of damages, Plaintiff is also required to produce "not only the materials on which the computation can be formulated, but the computation itself." *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-611, 2014 WL 4848229, at *6 (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). "Simply providing documents or other information and assuming that the defendant will somehow divine the plaintiff's damages computation from those documents or other information is insufficient and not in accord with the requirements of Rule 26(a) and (e)." *Id.*

Plaintiff has done so here. In a declaration supporting its opposition to Defendants' motion for summary judgment, Plaintiff disclosed:

> Defendants did not produce their sales data for 2023 and 2024 until May 2024— after Silver Fern's supplemental responses—in conjunction with Defendants' expert report. With the benefit of those sales numbers, Silver Fern can now calculate the unjust enrichment damages that it also identified in its initial disclosures *by adding the total sales attributable to the "new" customers identified by Lorraine Barrick*, as explained below. According to those sales records, which Defendants have marked Attorneys' Eyes Only, Defendants have realized $7,617,195 in total sales from those customers.
>
> Attached hereto as Exhibit 21 is a true and correct copy of Schedule 6 to Lorraine Barrick's Report dated May 16, 2024. Adding up the customers Ms. Barrick identifies as "new," Ambyth has done business with 76 Silver Fern customers that it had never done business with prior to Lyons, Kinto, and Holmes joining Ambyth.

Dkt. No. 132 (sealed) ¶¶ 26–27 (emphasis added). The referenced exhibit includes a spreadsheet of customers, which are clearly identified in the far-right columns as being included in (or excluded from) Barrick's calculations. *See* Dkt. No. 132-10 (sealed) at 5–12. While Defendants argue that "Plaintiff continues to omit any *computation* identifying by name the 76 customers

1 and their sales such that it equals $7,617,195" (Dkt. No. 196 at 9), the documentation supporting

2 Plaintiff's opposition to Defendants' motion for summary judgment clearly does so. Dkt. No.

3 132-10 (sealed) at 5–12. Plaintiff therefore has, as Defendants acknowledge it must, "show[n]

4 how the documents or figures support its damages." Dkt. No. 196 at 6.[2] Accordingly, Plaintiff's

5 disclosure of a specific amount of damages attributable to unjust enrichment, its method of

6 calculation, and supporting documentation for its calculation is sufficient to disclose its damages

7 computation.

8       Under the specific facts in this case, the Court also finds that Plaintiff timely made this

9 disclosure. Plaintiff requested Defendants' sales data for 2023 and 2024 in September 2023. Dkt.

10 No. Dkt. No. 195 at 2–3. Plaintiff based its damages calculation for unjust enrichment damages

11 on: (1) sales data for 2023 and 2024, which Defendants did not produce until May 2024 (Dkt.

12 No. 132 (sealed) ¶ 26); and (2) documents identifying "customers and vendors with whom

13 Ambyth did business for the first time in the pa[s]t 12 months with whom Rowland Morgan had

14 no contract prior to April 15, 2023" that were not produced until July 5, 2024 (Dkt. No. 195 at

15 3).[3] Accordingly, when Plaintiff provided its initial disclosures in August 2023 and its discovery

16 responses in February and April 2024, Plaintiff was unable to provide Defendants with damages

17 for unjust enrichment. The Court also notes that both sets of documents were produced by

18 Defendants after the deadline for expert disclosures, which was April 16, 2024 (Dkt. No. 63),

19 and less than one week before Defendants filed their motion for summary judgment on July 11,

20

21 [2] Defendants contend that Plaintiff's "counsel's claimed lost sales do not align with Ambyth's total number of 'new' customers, revenues from these customers, any identifiable subset of the customers or revenue data, or any number in the documents." Dkt. No. 196 at 6. However, it is unclear whether Defendants possess a workable format of the
22 spreadsheet such that they are able to easily confirm Plaintiff's calculations. The Court will order Plaintiff to produce the document, and any others it relies on in support of its unjust damages calculation, in such a format.
23 Should Defendants find that Plaintiff's supporting calculations are incorrect, they may meet and confer with Plaintiff and, if necessary, seek appropriate relief at that time.

24 [3] This set of documents was produced after the June 14, 2024, close of discovery. Dkt. No. 63.

2024 (Dkt. No. 118). Plaintiff produced its damages calculation for unjust enrichment damages with its opposition to Defendants' motion for summary judgment, which it filed on August 1, 2024 (Dkt. No. 129 at 27), less than one month after receiving the information from which it could finally make its unjust enrichment calculation. Accordingly, the Court finds that Plaintiff timely disclosed its unjust enrichment damages computation within a reasonable amount of time after Defendants produced their sales data to Plaintiff. *See* Dkt. Nos. 131 (sealed), 132 (sealed), 132-10 (sealed).

B.  **Plaintiff's Error Was Substantially Justified and Harmless**

Even if the Court were to find plaintiff's disclosure untimely, Rule 37(c)(1)'s exclusion sanction does not apply if the failure to timely disclose was substantially justified or harmless. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Plaintiff's failure here was both substantially justified and harmless.

First, for the reasons stated in the preceding section, *see supra* Section III.A, even if Plaintiff's disclosure was untimely, the Court would find that Plaintiff's failure to timely disclose its damages for unjust enrichment was substantially justified.

Second, even if Plaintiff's failure were not substantially justified, the Court would find it was harmless. "[T]he burden is on the party facing sanctions to prove harmlessness." *Merchant*, 993 F.3d at 741 (quoting *Yeti by Molly*, 259 F.3d at 1106–07). Additionally, as part of the harmlessness inquiry, where a Rule 37(c)(1) sanction will "'deal a fatal blow' to a party's claim—as a prohibition on the presentation of unjust enrichment damages would do here—a district court must consider (1) 'whether the claimed noncompliance involved willfulness, fault, or bad faith' and (2) 'the availability of lesser sanctions.'" *Merchant*, 993 F.3d at 740–41 (quoting *R&R Sails*, 673 F.3d at 1247).

To guide the harmlessness inquiry, district courts look to several factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Co. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)). Defendants have been on notice that Plaintiff seeks damages for unjust enrichment since the complaint was filed in May 2023, and Plaintiff's damages calculation is based entirely on Defendants' own books and records, which Defendants have had access to for the entirety of this litigation. *See, e.g.*, Dkt. No. 13-1 (complaint asserting damages for unjust enrichment); Dkt. No. 191-1 at 8 (initial disclosures asserting Plaintiff seeks damages for unjust enrichment); Dkt. No. 132-10 (sealed) (supporting documentation for unjust enrichment damages showing Defendants' own customer sales and profit document). The delay in Plaintiff's providing the disclosure was due to the late production of necessary information by Defendants. *See supra* Section III.A. Further, over five months remain until trial in this case, giving Defendants sufficient time to assess the evidence necessary to rebut Plaintiff's potential presentation of damages at trial. *See* Dkt. No. 182. Defendants are therefore able to cure any prejudice they may have suffered, and the late disclosure (which notably occurred nearly a year ago and, therefore, could have been raised in a much more timely manner by Defendants), is unlikely to disrupt trial. Finally, neither Party presents evidence that Plaintiff's delay in producing a calculation for unjust enrichment damages was the product of bad faith or willfulness.

### IV.   CONCLUSION

Accordingly, the Court DENIES Defendants' motion to preclude evidence at trial of unjust enrichment damages. Plaintiff is ordered to produce the document at Dkt. No. 132-10 (sealed) at

5–12, and any other documentation supporting its unjust enrichment damages calculation, in a workable format to Defendants **no later than seven (7) days from the date of this order**.

Dated this 27th day of June 2025.

Tana Lin
United States District Judge