1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11    SILVER FERN CHEMICAL, INC., a
Washington corporation,

12
                        Plaintiff,

13          v.

14    SCOTT LYONS, an individual; TROY
KINTO, an individual; KING HOLMES, an
15    individual; ROWLAND MORGAN, an
individual; and AMBYTH CHEMICAL
16    COMPANY, a Washington corporation,

17                        Defendants.

CASE NO. 2:23-cv-00775-TL

ORDER ON MOTION TO COMPEL

18

19          This is an action for damages and injunctive relief for the misappropriation of trade

20    secrets, breach of contract, and other related claims. This matter is before the Court on

21    Defendants' Motion to Compel Plaintiff's Redesignation of Attorneys' Eyes Only Documents.

22    Dkt. No. 192. Having considered Plaintiff's response (Dkt. No. 197), Defendants' reply (Dkt.

23    No. 199), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Defendants'

24    motion.

# I.    BACKGROUND

This case concerns claims of damages arising from the departure of three employees of Plaintiff Silver Fern Chemical, Inc. ("Silver Fern") who left to join Defendant Ambyth Chemical Company ("Ambyth"). *See* Dkt. No. 180 at 2–4. Plaintiff claims that the employees—Defendants King Holmes, Scott Lyons, and Troy Kinto (the "Sales Defendants")—took and used trade secret information about customers they served when working for Plaintiff. *See generally id.*

At the outset of discovery in this case, the Parties negotiated and entered into a stipulated protective order (the "Protective Order" or "SPO") concerning information to be exchanged in this case. Dkt. No. 67. The Protective Order permits documents to be designated with two levels of confidentiality: "confidential" and "highly confidential – attorneys' eyes only." *Id.* at 2. The "highly confidential – attorneys' eyes only" designation ("AEO") is reserved for documents in certain categories where their disclosure would create "a substantial risk of serious harm that could not be avoided by less restrictive means" and the information has not "already been shared with the receiving Party." *Id.* at 3.

Following entry of the Protective Order, the Parties engaged in document production. Of the 6,666 documents produced by Plaintiff, 5,689 were designated AEO. Dkt. No. 193 (Park Declaration) ¶ 2. On October 14, 2024, Defendants requested that Plaintiff redesignate certain AEO-designated materials which contained "customer identities and revenues for Silver Fern customers who have done business with Ambyth since [the Sales Defendants] joined Ambyth— or Silver Fern has claimed such business in schedules to Beaton's report." Dkt. No. 192 at 7 (quoting Dkt. No. 193 ¶ 5; Dkt. No. 193-2). Defendants argue that documents containing this information is not entitled to the AEO designation because "Defendants already know the names of these customers with whom Plaintiff claims Defendants are in contact." *Id.* Plaintiff agreed to

redesignate certain redacted schedules showing Sales Defendants' customers but refused to redesignate all of the requested documents. *Id.*

The Parties continued to negotiate Defendants' request. *See id.* at 8–9. On March 14, 2025, Defendants identified 2,694 documents by Bates number that it requested be redesignated as confidential. *Id.* On April 11, 2025, Plaintiff agreed to redesignate 316 of the requested documents and subsequently reproduced those redesignated documents. *Id.* at 9. Plaintiff refused to redesignate the remaining documents. *Id.*; *see also* Dkt. No. 193-13.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) "explicitly authorizes the district court to protect parties from 'undue burden or expense' in discovery by ordering 'that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.'" *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) (quoting Fed. R. Civ. P. 26(c)). "Trade secrets, however, are not immune from discovery." *UCC Ueshima Coffee Co., Ltd. v. Tully's Coffee Corp.*, No. C06-1604, 2007 WL 710092, at *1 (W.D. Wash. Mar. 6, 2007).

The party seeking protection of certain materials has the burden to show "good cause" why protection of the specific material is necessary, and must "establish that a 'specific prejudice or harm will result'" if the materials are not protected. *UCC Ueshima Coffee Co.*, 2007 WL 710092, at *1 (quoting *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "Once satisfied, the burden shifts to the party seeking discovery to show that the disclosure is 'relevant and necessary' to the presentation of its case." *Id.* (quoting *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 328 (9th Cir. 1961)). "The Court must then balance the interests of both parties." *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.    DISCUSSION

Defendants seek redesignation of various categories of documents produced by Plaintiff which have been designated "highly confidential—attorneys' eyes only." Dkt. No. 192 at 14; *see also* Dkt. No. 193-12 (Defendants' March 14, 2025, letter to Plaintiffs, identifying challenged documents by Bates number). The Court will address each category of documents in turn.

### A.    Documents Involving, Identifying, or Communicating with Customers

The crux of the Parties' dispute appears to be the question of whether documents identifying customers served by the Sales Defendants while they were employed by Plaintiff are entitled to the AEO designation. *See* Dkt. No. 192 at 4. Defendants argue that Plaintiff's "blanket assertion of AEO for most documents identifying [Sales Defendants'] customers" is untenable under the Protective Order because "the customer identities are known to one or more Defendants." *Id.* And while Plaintiff agrees that "the *names* of customers who are admittedly doing business with Ambyth after April 2023" are not entitled to the AEO designation, it argues that "the same is not true for specific *information* related to those customers, such as the client's contact information or chemical specifications." Dkt. No. 197 at 5 (emphases added). Further, Plaintiff takes the position that "Silver Fern is under absolutely no obligation to create confidential redacted versions of documents for discovery purposes only." Dkt. No. 193-13 at 5.

The Protective Order includes Paragraph 5.2, which is titled "Exercise of Restraint and Care in Designating Material for Protection." Dkt. No. 67 at 8. That provision states, in relevant part, that a "designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement." *Id.* Accordingly, contrary to Plaintiff's

argument (*see* Dkt. No. 193-13 at 5), it *does* have an obligation to create redacted documents for discovery purposes.

But Defendants seek redesignation of "documents that include" Sales Defendants' customers. Dkt. No. 192 at 11. The Court cannot grant such a broad request. Some documents referencing or concerning such customers may include non-public trade secrets that are not known to Defendants—such as particular strategic plans for those customers, pricing information, customer quotations and orders, or marketing plans and forecasts, all of which would qualify for the AEO designation under the Protective Order. *See* Dkt. No. 67 at 3. Defendants appear to acknowledge this, stating that "[r]edaction would remedy Plaintiff's concerns about Defendants' receiving 'client contact information of customers that have moved to Ambyth, and their associated customer chemical specifications.'" Dkt. No. 199 at 7.

Accordingly, Plaintiff will be ordered to produce redacted versions of the disputed documents consistent with the terms of the Protective Order and the Parties' apparent agreement about the scope of material that qualifies for the AEO designation.

**B.    Documents Generated before April 17, 2023**

Defendants argue that "the SPO specifically excludes from AEO designation pre-April 17, 2023, documents that pertain to sales and profits, pricing information, customer quotations and order details, and product purchases." Dkt. No. 192 at 10. However, Defendants' proposed order appears to request much more, i.e., "[d]ocuments generated before April 17, 2023, that were produced by Silver Fern and designated AEO." Dkt. No. 192-1 at 2.

The Protective Order states that that the AEO designation is appropriate for:

> (a) business and other strategic plans; (b) current or prospective corporate financial documents including sales and profit information after April 17, 2023, (c) pricing information dated after April 17, 2023, (d) customer lists, (e) customer quotations and customer orders dated after April 17, 2023, (f) information

1
2
       related to the purchase of product after April 17, 2023;
       (g) marketing plans and forecasts.

3  Dkt. No. 67 at 3. But this does not clearly exclude the category of documents for which

4  Defendants seek redesignation.

5        First, to the extent the language in Defendants' proposed order suggests they are entitled

6  to the removal of the AEO designation for *any* document generated before April 17, 2023 (Dkt.

7  No. 190-1 at 2), they are incorrect.[1] The Protective Order has no date qualifier or limitation for

8  the designation of business and other strategic plans, customer lists, or marketing plans and

9  forecasts as AEO. Dkt. No. 67 at 3. Therefore, those types of documents may be designated AEO

10  regardless of when they were generated, subject to the other conditions on the AEO designation

11  outlined in the Protective Order. *See* Dkt. No. 67 at 3; *see also infra* Section III.C.

12        Second, the Protective Order does not limit the AEO designation under categories (b),

13  (c), (e), or (f) to documents concerning these topics that were created after April 17, 2023; it also

14  permits the AEO designation of certain information dated after April 17, 2023 or information

15  associated with the purchase of product after that date. *Id.* For example, a document generated on

16  April 15, 2023, that includes sales and profit projections for a period after April 17, 2023, would

17  still fall under category (b) of the list of documents eligible for the AEO designation in the

18  Protective Order, subject to the other conditions on the AEO designation outlined in the SPO.

19  Similarly, a document identifying a customer purchase completed on April 18, 2023, is clearly

20  protected material, but the purchase may have been preceded by written contact and negotiations

21  that would have been generated prior to that date. Documents of such contact and negotiations

22  would "relate[] to the purchase of product after April 17, 2023," and therefore be potentially

23
24  [1] While Defendants' briefing does not suggest they seek such broad relief, out of an abundance of caution, the Court addresses this possibility given the language of Defendants' proposed order.

designated AEO under category (f) of the Protective Order—again, subject to the other

conditions on the AEO designation outlined in the Protective Order—even though the

documentation of contact and negotiations may itself be dated prior to April 17, 2023.

However, Plaintiff is incorrect that the "categories of documents identified in the

definition of AEO in the SPO are those that are *presumptively* AEO—not the exclusive list," and

that "[s]imply because a document pre-dates April 17, 2023, does [not] mean it will not or cannot

provide Defendants with an unfair competitive advantage." Dkt. No. 197 at 14. The Protective

Order states that "[m]aterials designated as [AEO] *shall mean the following materials*"—in other

words, for a document to fall under the Protective Order's definition of AEO materials, it must

be one of the listed types of documents, in addition to meeting the other requirements listed in

the Protective Order. Dkt. No. 67 at 3 (emphasis added). Thus, to the extent Plaintiff is arguing

that its proprietary trade secrets prior to April 17, 2023, altogether should be afforded AEO

protection under the Protective Order, it is incorrect. For a document to qualify for the AEO

designation under categories (b) or (e) of the AEO definition in the Protective Order, it must

concern current or prospective corporate financial documents (that can include sales and profit

information) or customer quotations or orders after April 17, 2023; to qualify under categories

(c) or (f), it must concern the delineated information and be dated after April 17, 2023. Dkt.

No. 67 at 3.

Accordingly, while the Court declines to order Plaintiff to categorically redesignate

"[d]ocuments generated before April 17, 2023, that were produced by Silver Fern and designated

AEO" (Dkt. No. 192-1 at 2), Plaintiff will be ordered to redesignate documents consistent with

the Court's analysis above. Additionally, Plaintiff will be ordered to produce redacted versions

of the disputed documents consistent with the terms of the Protective Order.

1

**C.      Documents That were Known to Sales Defendants**

2

Defendants also argue that "[d]ocuments generated before April 17, 2023, that were

3

produced by Silver Fern and designated AEO and were known to Defendants Holmes, Kinto, and

4

Lyons" should be redesignated as confidential. *See* Dkt. No. 192-1 at 2. This category of

5

documents naturally falls within Defendants' second category—"[d]ocuments generated before

6

April 17, 2023, that were produced by Silver Fern and designated AEO"—which the Court has

7

already addressed, *supra* Section III.B. Thus, the Court will focus here on whether the Protective

8

Order dictates that documents "known to" the Sales Defendants may not be designated AEO.

9

The Protective Order states in relevant part that the AEO designation is appropriate for

10

documents that "have not already been shared with the receiving Party." Dkt. No. 67 at 3.

11

Defendants argue that information "known to the defendants" falls under this provision and is

12

not entitled to the AEO designation. Dkt. No. 192 at 11. But the Protective Order clearly states

13

that for documents to fall outside of AEO designation they must have been "*shared with* the

14

receiving Party" Dkt. No. 67 at 3 (emphasis added). The Parties could have worded the

15

Protective Order with "known to" rather than "shared with" but chose not to do so. It also clearly

16

contemplates that any reference to a "Party" is to a single party and not a collective. *See id.* at 1

17

(defining "Plaintiff and Defendants (collectively the 'Parties' and singularly each a 'Party')").

18

Therefore, by the terms of the agreed-upon Protective Order, the information must have been

19

affirmatively provided or given to the Defendant (*i.e.*, the receiving Party) who wishes to see it

20

and is appropriately designated AEO as to any Defendant with whom that document was not

21

shared. Finally, the Protective Order is also phrased in terms of "*the* receiving Party" as opposed

22

to "*a* receiving Party," the latter of which would indicate that the sharing of a document with any

23

one of the Defendants would have exempted the document from the AEO designation.

24

Therefore, that a single Defendant has knowledge of some of the information contained within a

document does not disqualify that document from the possibility of being designated AEO by the plain terms of the Protective Order. The conundrum this may create is the making of the Parties themselves as they negotiated and approved the terms of the Protective Order.

Accordingly, the Court declines to order Plaintiff to categorically redesignate "[d]ocuments generated before April 17, 2023, that were produced by Silver Fern and designated AEO and were known to Defendants Holmes, Kinto, and Lyons" Dkt. No. 192-1 at 2.

**D.    Documents Involving Known Customer Identities**

Defendants argue that "[f]or documents with names of HLK customers who stayed with Plaintiff, redaction cures the potential disclosure of alleged trade secret information." Dkt. No. 199 at 7. Consistent with the Court's analysis above, *supra* Sections III.A and III.C, Plaintiff must provide redacted documents where appropriate (and the Parties agree that customer identity is not AEO-protected information (*see* Dkt. No. 192 at 4; Dkt. No. 197 at 5)). However, the fact that one Sales Defendant knew of a customer identity when they left Plaintiff does not entitle Defendants to all information about that customer. *See* Dkt. No. 67 at 3.

Accordingly, the Court declines to order Plaintiff to categorically redesignate "[d]ocuments produced by Silver Fern involving, identifying or communicating with Holmes, Kinto, and Lyons customers who did not move to Ambyth and whose customers identities were known to Holmes, Kinto, and Lyons." Dkt. No. 192-1 at 2. However, Plaintiff must produce redacted versions of the disputed documents consistent with the terms of the Protective Order and the Court's Order.

*          *          *

For the avoidance of doubt, the Court reiterates its instructions for the Parties here:

(1)    To qualify for AEO designation under the Protective Order (Dkt. No. 67), materials must:

       a.      Not be public or reflect publicly available information;

       b.      Create a substantial risk of serious harm that could not be avoided without AEO designation if they were to be disclosed;

       c.      Not have been shared with the receiving Party (meaning that the designating Party has not affirmatively provided the information to the receiving Party); *and*

       d.      Fall into one of these categories of documents or information:

          i.      Business and other strategic plans;

          ii.      Current or prospective corporate financial documents including sales and profit information after April 17, 2023;

          iii.      Pricing information dated after April 17, 2023;

          iv.      Customer lists;

          v.      Customer quotations and customer orders dated after April 17, 2023;

          vi.      Information related to the purchase of product after April 17, 2023; *or*

          vii.      Marketing plans and forecasts.

(2)     The Parties are obligated to, upon request, produce redacted versions (which may be designated Confidential) of documents designated AEO.

## IV.  CONCLUSION

Accordingly, Defendants' motion is GRANTED IN PART and DENIED IN PART. Plaintiff is ORDERED to produce redacted documents and, where appropriate, redesignated documents consistent with this Order by **no later than July 25, 2025**. Given the Court found merit with regard to some of Plaintiff's arguments, Defendants' motion is DENIED as to their request for fees and costs.

Dated this 30th day of June 2025.

Tana Lin
United States District Judge