1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SILVER FERN CHEMICAL, INC., a
Washington corporation,

Plaintiff,

v.

SCOTT LYONS, an individual; TROY KINTO,
an individual; KING HOLMES, an individual;
ROWLAND MORGAN, an individual; and
AMBYTH CHEMICAL COMPANY, a
Washington corporation,

Defendants.

SCOTT LYONS, an individual, and KING
HOLMES, an individual,

Counterclaim Plaintiffs,

v.

SILVER FERN CHEMICAL, INC., a
Washington corporation, SAM KING, an
individual, and LISA KING, an individual,

Counterclaim Defendants.

CASE NO. 2:23-cv-00775-TL

ORDER ON MOTIONS IN
LIMINE

This matter is before the Court on Plaintiff's Motion in Limine (Dkt. No. 210) and

Defendants' Motions in Limine (Dkt. No. 212). Having considered all motions in limine,

Plaintiff's response to Defendants (Dkt. No. 228), Defendants' response to Plaintiff's motion

//

//

(Dkt. No. 235), the relevant record, and finding oral argument unnecessary,[1] *see* LCR 7(b)(4), the Court rules on each motion as set forth in this Order.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case. *See* Dkt. No. 7 (Complaint (Sealed)); Dkt. No. 180 at 2–6 (Order on Motion for Summary Judgment).

## II.    LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area . . . so that admissibility is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009) (citation omitted). While the Federal Rules of Evidence ("FRE") do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *E.g.*, *United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *E.g.*, *Westboro Condo. Ass'n v. Country Cas. Ins. Co.*, No. C21-685, 2023 WL 1928170, at *1 (W.D. Wash. Feb. 10, 2023). A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (noting a court may change its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

//

//

---

[1] Oral argument was not requested for any of these motions *in limine*.

1    Because many of the Parties' motions *in limine* reference Federal Rules of Evidence 401,

2  402, and 403, the Court lays out the three rules here:

3    **FRE 401.    Test for Relevant Evidence**

4    Evidence is relevant if:
        (a) it has any tendency to make a fact more or less probable
5            than it would be without the evidence; and
        (b) the fact is of consequence in determining the action.

6

7    **FRE 402.    General Admissibility of Relevant Evidence**

8    Relevant evidence is admissible unless any of the following
     provides otherwise:
        • the United States Constitution;
9        • a federal statute;
        • these rules; or
10       • other rules prescribed by the Supreme Court.
     Irrelevant evidence is not admissible.
11

12    **FRE 403.    Excluding Relevant Evidence for Prejudice,
     Confusion, Waste of Time, or Other Reasons**

13    The court may exclude relevant evidence if its probative value is
     substantially outweighed by a danger of one or more of the
14    following: unfair prejudice, confusing the issues, misleading the
     jury, undue delay, wasting time, or needlessly presenting
15    cumulative evidence.

16  Exclusion under Rule 403 is discretionary, and the Ninth Circuit recognizes that "'[r]elevant

17  evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing

18  probative value, which permits exclusion of relevant matter under Rule 403.'" *Shuler v. City of

19  Los Angeles*, 849 F. App'x 671, 673 (9th Cir. 2021) (quoting *United States v. Hankey*, 203 F.3d

20  1160, 1172 (9th Cir. 2000). *See also Sidibe v. Sutter Health*, 103 F.4th 675, 702 (9th Cir. 2024).

21  In short, evidence is generally admissible at trial if it is relevant, unless the probative value of

22  such evidence is substantially outweighed by such unwanted dangers as unfair prejudice or

23  misleading the jury. "Unfair prejudice" means "the possibility that the evidence will excite the

24  jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne*

1    *v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire*

2    *Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

3                              **III.    DISCUSSION**

4           The Court addresses each of Parties' Motions *in Limine* in turn.

5    **A.     Plaintiff's Motions** *in Limine*

6           Plaintiff argues that Mr. King's employment and departure from TRI International is

7    irrelevant to this case and will result in a mini-trial that confuses the jury. Dkt. No. 210 at 2–4. In

8    response, Defendants' primary claim is that Mr. King's usage of information gathered at TRI

9    International and brought to Silver Fern shows that he did not believe that that type of

10   information was confidential—the same type information Plaintiff now claims is confidential.

11   Dkt. No. 235 at 2. The Court agrees with Defendants that testimony about Mr. King's prior

12   employment should be allowed at trial.

13          Under the Defend Trade Secrets Act ("DTSA"), a trade secret is:

14                  all forms and types of . . . business . . . information, including
                    patterns, plans, compilations, program devices, formulas, designs,
15                  prototypes, methods, techniques, processes, procedures, programs,
                    or codes, whether tangible or intangible, and whether or how
16                  stored, compiled, or memorialized physically, electronically,
                    graphically, photographically, or in writing if[:] (A) the owner
17                  thereof has taken reasonable measures to keep such information
                    secret; and (B) the information derives independent economic
18                  value, actual or potential, from not being generally known to, and
                    not being readily ascertainable through proper means by, another
19                  person who can obtain economic value from the disclosure or use
                    of the information
20
     18 U.S.C. § 1839(3) (citation modified). The parties dispute both prongs of the inquiry, and they
21
     will both involve factual disputes that will need to be decided by the jury. *See, e.g.*, *Multifab, Inc.*
22
     *v. Zweiger*, No. C19-6164, 2020 WL 2614736, at *3 (W.D. Wash. May 22, 2020) ("While the
23
     definition of a trade secret is a matter of law under the Uniform Trade Secrets Act, RCW
24

1   19.108.010(4), the determination in a given case whether specific information is a trade secret is

2   a factual question.") (citing *Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn.2d 427, 436, 971 P.2d

3   936 (1999)).

4        Defendants provide that Mr. King stated in his deposition: (1) that he does not believe

5   that TRI's customer relationship management program was a trade secret; (2) that when he left

6   TRI International, he began calling former TRI customers; and (3) that "probably 50 percent" of

7   Silver Fern's initial business were customers that he worked with when he was at TRI. Dkt.

8   No. 235 at 5–6. What Mr. King believes about the customer information from TRI International

9   is relevant in the present case because it tends to make it less likely that the customer information

10  the Defendants used at Ambyth, deriving from Silver Fern, is a trade secret. This is of

11  consequence to Plaintiff's claim under the Defend Trade Secrets Act. This information will not

12  cause confusion for the jury, because what Mr. King believes is or is not a trade secret will assist

13  the jury in making a decision as to the claims in question.

14       The Court also finds Mr. King's prior employment relevant to Defendants' affirmative

15  defense under the doctrine of unclean hands. The doctrine of unclean hands "bars relief to a

16  plaintiff who has violated conscience, good faith or other equitable principles in his prior

17  conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently

18  asserted." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 2010); *see

19  also Trade Assocs., Inc. v. Fusion Techs., Inc.*, No. C09-5804, 2011 WL 1485491, at *2 (W.D.

20  Wash. Apr. 18, 2011) (citing *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ.,

21  Inc.*, 621 F.3d 981, 986 (9th Cir. 2010)). Further, to ensure fairness, courts may invoke the

22  doctrine of unclean hands when a party attempts in bad faith to use an alleged trade secret to

23  control its competitors' conduct. *MEECO Mfg. Co., Inc. v. Imperial Mfg. Grp.*, No. C03-3061,

24  2005 WL 8172680, at *7 (W.D. Wash. May 26, 2005). .

Here, testimony about Mr. King's prior employment is relevant because his previously stated alleged past actions, as well as his beliefs about those past actions, may be seen as inconsistent with Silver Fern's allegations against Defendants. Therefore, Mr. King's alleged past actions and beliefs are relevant as to whether Silver Fern violated good faith or equitable principles in its employee's prior conduct and dirtied its hands . In tandem, Mr. King's alleged past actions, and the litigation currently brought, is relevant and can be presented under an unclean hands affirmative defense.

Therefore, the Court DENIES Plaintiff's motion to exclude testimony regarding Sam King's prior employment.

**B.      Defendants' Motions *in Limine***

**1.      Defendants' Motion to Exclude the Court's Order on Motion for Sanctions and Motion to Seal, as well asAny Testimony and Argument Regarding the Court's Order.**

Defendants move to exclude the Court's Order on Motion for Sanctions and Motion to Seal. Dkt. No. 212. Defendants argue the ruling is irrelevant under Federal Rule of Evidence 401 and, even if it is found to be relevant, it should be excluded under FRE 403, because any potential probative value is substantially outweighed by unfair prejudice. *See* Dkt. No. 212 at 7–8. In response, Plaintiff argues that the Court should reserve ruling on Plaintiff's right to question Defendants about the sanction at trial because otherwise, "the jury would be left with the impression that Defendants could submit false statements to the Court without consequence." Dkt. No. 228 at 3.

The Court's Order on Motion for Sanctions and Motion to Seal and whether there were consequences are not relevant at trial, because such evidence does not make Plaintiff's claims any more or less probable. *See e.g. Jelinek v. Am. Nat'l Prop. & Cas. Co.*, No. C15-00779, 2019

WL 5425254, at *2 (W.D. Wash. Oct. 23, 2019); *see also, e.g.*, *Wilson v. Hartford Ins. Co. of the Midwest*, No. C10-933, 2011 WL 2670199, at *4 (W.D. Wash. July 7, 2011).

Furthermore, even if the Court were to find the prior ruling relevant, the ruling would be barred under FRE 403, because any probative value would be substantially outweighed by unfair prejudice and might mislead the jury. *See, e.g.*, *Bastidas v. Good Samaritan Hosp. LP*, No. C13-04388, 2017 WL 1345604, at *1 (N.D. Cal. Apr. 12, 2017). If the jury were to hear about a ruling the Court made, especially in relation to the credibility of a witness, the jurors would likely defer to the Court rather than evaluate the credibility and evidentiary testimony from the witness themselves. The Court is unconvinced by Plaintiff's argument that if mentioning of the sanction were disallowed, it would leave the jury with the impression that Defendants can submit false statements without consequence. Dkt. No. 228 at 3. Rather, the jury would see that a consequence of a false statement is the witness's being confronted by the statement and having the witness's credibility put into issue during cross examination at trial.

Therefore, the Court GRANTS the Defendants' motion to exclude the Court's Order on Motion for Sanctions and Order on Motion to Seal.

### 2.    Defendants' Motion to Exclude Paragraph 14 of Defendant King Holmes's Declaration

In a signed declaration, Defendant Holmes stated, "Any of the deals I've put together after moving to Ambyth are a result of customers reaching out to me to request we continue our relationship." Dkt. No. 29 ¶ 14 (King Holmes Declaration). The Court later found that this statement was an intentional misrepresentation. Dkt. No. 151 at 5. Defendants move to exclude this statement, stating it is not relevant under FRE 402 and, even if relevant, it is barred by FRE 403. Dkt. No. 212 at 9. Plaintiff rightly argues that this statement is relevant because it is a falsehood on a key issue in this case—Defendants' alleged solicitation of Silver Fern's

1    customers using confidential information, and the fact that Defendant Holmes was willing to lie

2    to the Court, both go to Defendant Holmes's credibility. Dkt. No. 228 at 2. *See also* Fed. R. Evid.

3    608(b). Defendants also concede that the statement may be allowed as impeachment evidence

4    under FRE 613(b). Dkt. No. 212 at 9. Defendants do not offer any satisfactory reason that the

5    evidence would be unfairly prejudicial such that any prejudice would substantially outweigh its

6    probative value.

7    Finally, Defendants request that if the Court admits paragraph 14 of Defendant Holmes's

8    declaration, then they should be allowed to present evidence of Defendant Holmes's truthful

9    character under FRE 608(a). Dkt. No. 212 at 9. Plaintiffs do not respond to this request. Should

10    Plaintiff choose to attack Defendant Holmes's character for truthfulness under FRE 608, then it

11    will open the door to Defendant Holmes's being allowed to offer evidence of his truthful

12    character under FRE 608(a).

13    Therefore, the Court DENIES Defendants' motion to exclude paragraph 14 of Defendant

14    Holmes's declaration. The Court RESERVES ruling on Defendants' motion to admit evidence of

15    Defendant Holmes's truthful character under FRE 608(a).

16    **3.    Defendants' Motion to Exclude Evidence, Testimony, and Argument Regarding Ryecon Chemical LLC**

17

18    Defendants argue that any evidence, testimony, or argument about Ryecon Chemical

19    LLC ("Ryecon") is not relevant under FRE 401. Dkt. No. 212 at 9–10. Further, Defendants argue

20    that even if the evidence is relevant, it is inadmissible under FRE 403, because any potential

21    probative value is substantially outweighed by the risk of confusing the issues, misleading the

22    jury, and wasting time. *Id*. at 10. In general, Plaintiff claims that Defendant Holmes breached his

23    duty of loyalty and confidentiality to Silver Fern. Dkt. No. 219 at 2 (Pretrial Statement). More

24    specifically, Plaintiff responds to this motion by arguing that because Defendant Holmes

1    diverted away Silver Fern business to Ryecon (the company founded by Holmes's wife), his

2    dealings with Ryecon are relevant to his duty of loyalty and confidentiality and prove that he

3    exhibited a pattern of misconduct. Dkt. No. 228 at 3–4.

4        Evidence that Defendant Holmes allegedly diverted opportunities and relationships away

5    from Silver Fern to his wife's company, Ryecon, for personal benefit, is relevant. Plaintiff

6    alleges that Defendant Holmes breached his duty of loyalty and confidentiality to Silver Fern by

7    stealing trade secrets to be used at Ambyth, as well as by diverting business from Silver Fern to

8    Ambyth. Another instance of Holmes's breaching his duty of loyalty and confidentiality while

9    employed at Silver Fern by diverting business to Ryecon does makes the allegations of diverting

10    business from Silver Fern to Ambyth more likely. Diverting business from Silver Fern to

11    Ambyth is of consequence, because it goes to proving breach of loyalty and confidentiality.

12        The evidence is also admitted as another act under FRE 404(b)(2). Specifically, showing

13    the jury evidence of another act of diverting business from Silver Fern for personal gain can be

14    used to show a pattern, plan, or course of conduct by Defendant Holmes of diverting business

15    from Silver Fern.

16        Defendants claim that any probative value is substantially outweighed by the risk of

17    confusing the issues, misleading the jury, and wasting time. Evidence related to Ryecon will not

18    confuse or mislead the jury, because it will be brief testimony about another act being used to

19    prove a pattern, plan, or course of conduct by Defendant Holmes. Furthermore, the evidence will

20    not waste time, because it provides evidence of another act similar to the allegations in the

21    present case.

22        Therefore, the Court DENIES Defendants' motion to exclude evidence, testimony, and

23    argument regarding Ryecon.

24

**4.    Defendants' Motion to Exclude Declarations of Bobbie Knight, Esther Kannenberg, and Karen Zell, and Exhibits Attached Thereto**

Defendants argue that these declarations are hearsay (Dkt. No. 212 at 10–11), while Plaintiff argues that the Court should reserve ruling because, while they do not plan to use the declarations for substantive evidence at trial, they may use them for refreshing a witness's recollection, a recorded recollection, or for cross examination (Dkt. No. 228 at 4). The Court agrees that the declarations are hearsay, but that they also may be used for other purposes in trial, such as refreshing recollection, as a recorded recollection, or for impeachment purposes.

Therefore, the Court RESERVES ruling on Defendants' motion to exclude declarations of Bobbie Knight, Esther Kannenberg, and Karen Zell, and exhibits attached thereto.

**5.    Defendants' Motion to Exclude Declaration of Sam King and Exhibits Attached Thereto**

For the same reasons stated in section III.B.4., the Court RESERVES ruling on Defendants' motion to exclude the declaration of Sam King and exhibits attached thereto.

**6.    Defendants' Motion to Exclude Declaration of Scott Polus and Exhibits Attached Thereto**

For the same reasons stated in section III.B.4., the Court RESERVES ruling on Defendants' motion to exclude the declaration of Scott Polus and exhibits attached thereto. However, because Silver Fern does not include Mr. Polus in its Pretrial Statement (Dkt. No. 219 at 11–14), the Court will hear argument from Plaintiff on admissibility of the declaration under FRE 804(b)(1), should Plaintiff seek to introduce it.

**7.    Defendants' Motion to Exclude Silver Fern Lay Witness Michael Gutierrez**

Plaintiff represents that Scott Polus is unavailable to testify at trial and could not be compelled to appear. Dkt. No. 228 at 5. As a result, Plaintiff intends to call Michael Gutierrez as

a witness, to offer the same testimony that Mr. Polus would have offered. *Id*. at 5–6. Defendants argue that Mr. Gutierrez should be excluded under Federal Rules of Civil Procedure ("FRCP") 26 and 37, as well as FRE 602 and 701. Dkt. No. 212 at 12–16. Plaintiff requests the Court reserves on ruling, asserting the request is premature. Dkt. No. 5–6.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that a party must provide to the other party "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Further, FRCP 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Plaintiff has disclosed Mr. Gutierrez late; they identified him as a witness more than a year after the close of discovery. *See* Dkt. No. 63. While Plaintiff notes that FRCP 37 provides exceptions to the rule regarding failure to identify a witness, the exceptions—that the failure was substantially justified or is harmless—do not apply here. The failure is not substantially justified, because Mr. Polus was Plaintiff's witness, and Plaintiff should have been able to determine both his availability for trial, and that he was outside subpoena powers, much earlier. Plaintiff provides no information as to why they disclosed so late that Mr. Polus was not available and was outside of subpoena powers. Furthermore, the failure is not harmless, because while Plaintiff claims that Mr. Gutierrez's testimony will be the same as Mr. Polus's testimony, Defendants never had the opportunity to confirm as much, because they never had the opportunity to depose Mr. Gutierrez.

Therefore, the Court GRANTS Defendants' motion to exclude Silver Fern lay witness Michael Gutierrez.

**8.    Defendants' Motion to Exclude Silver Fern's Investment in Development of a Trade Secret**

Defendants assert that Sam King was unable to provide Defendants with a quantifiable number as to the "very substantial" investments Silver Fern makes to bring the right manufacture to its customers, and Plaintiff did not provide a specific dollar amount when Defendants requested annualized costs. Dkt. No. 212 at 16–17. Defendants now move to exclude Silver Fern's investments in trade secrets under FRCP 37(c) and assert that any testimony provided by Sam King would be speculation. *Id*. at 17.

In response, Plaintiff argues that the investment in trade-secret information goes directly to an element it will have to prove at trial, that Mr. King's testimony is well within the bounds of FRE 701, and that if Defendants believed Plaintiff's supplemental discovery responses were insufficient, the proper remedy would have been a motion to compel. Dkt. No. 228 at 6–7.

The Court agrees with Plaintiff that Defendants should have filed a motion to compel. Under FRCP 37(a)(1), "a party may move for an order compelling disclosure or discovery." Here, Defendants assert that they never received the information they requested from Plaintiff, despite having raised the issue during meet and confers. Dkt. No. 212 at 17. However, Plaintiff clearly stated it would not respond to Defendants' request. *Id*. The next logical step would have been to move to compel the information, not wait until motions *in limine* to request that the Court exclude the information.

Additionally, the Court agrees with Plaintiff that Mr. King's potential testimony is admissible under both FRE 602 and 701. Given the nature of Mr. King's role at Silver Fern, it is logical that his testimony about substantial investments in trade secrets is rationally based on his perception. That he could not provide a quantification off the top of his head (*see* Dkt. No. 212 at 17) does not mean he cannot do so at all after reviewing the appropriate documentation or

1    information. As the CEO, he can discuss the investments his company makes in trade secrets.

2    This testimony would not be speculative, provided that he offers details about these investments.

3    Further, testimony about the nature of these investments is helpful for the jury to determine a fact

4    at issue, because in order to determine if the information allegedly stolen was trade secrets,

5    Plaintiff must prove, among other elements, that the information derived independent economic

6    value. Wash. Pattern Jury Instruction ("WPI") 351.02.

7         Therefore, the Court DENIES Defendants' motion to exclude testimony about Silver Fern's

8    investment in the development of trade secrets.

9    **9.     Defendants' Motion to Exclude Evidence, Testimony, and Argument
              Regarding Defendants' Alleged Deleted Emails**

10

11        Defendants argue that because Plaintiff never provided the emails that Defendants

12   allegedly deleted, and because Plaintiff's witnesses do not have personal knowledge of the

13   contents of these emails, Plaintiff should be precluded from offering evidence, testimony, and

14   argument as to the deleted emails. *See* Dkt. No. 212 at 18–19. Plaintiff responds by arguing that:

15   (1) Defendant Holmes admitted to deleting emails and Plaintiff has a right to elicit testimony

16   regarding same; (2) Defendants should have filed a motion to compel, if they wanted the content

17   of the emails; (3) the Best Evidence Rule does not require production of the original document

18   any time the document is referenced, but rather when its contents are being offered; and (4) this

19   evidence is not confusing under FRE 403. Dkt. No. 228 at 7–8.

20        The Court agrees that evidence of the fact that the emails were deleted is admissible.

21   First, Plaintiff makes clear that it intends to elicit the fact that these emails were deleted from

22   Defendant Holmes, who admitted to deleting the emails. Although Plaintiff also intends to elicit

23   the fact of the deleted emails from other Silver Fern witnesses, these witnesses do not need

24   personal knowledge of the actual content of the emails, only knowledge that the emails were

deleted. In other words, the evidence it seeks to introduce is the *conduct* surrounding the emails, not the *content* of the emails. As such, FRE 1002 does not bar that type of testimony. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its *content* unless these rules or a federal statute provides otherwise") (emphasis added); *see also Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1130 (S.D. Cal. 2022). Second, as stated in Section III.B.8 *supra*, if Defendants believed they needed to see the actual emails, then when their efforts to get the content of the emails was unsuccessful, Defendants should have filed a motion to compel. *See* Fed. R. Civ. P. 37(a)(1). Lastly, there is no risk that the jury would confuse the issues if they heard that these emails were deleted. This is a straightforward concept, and the jury will be able to give proper weight to its relation to the claims at hand.

Therefore, the Court DENIES Defendants' motion to exclude evidence, testimony, and argument regarding Defendants' alleged deleted emails.

### 10. Defendants' Motion to Exclude Evidence Not Produced During Discovery Regarding Silver Fern's Forensic Investigation of Defendants' Emails and Any Testimony and Argument Thereof

Defendants argue: (1) that invoices Silver Fern provided to Defendants from Consilio are hearsay; (2) that even if admitted, such invoices are evidence under the Computer Fraud and Abuse Act ("CFAA"), and testimony should be limited to these invoices because they are the only materials Silver Fern produced regarding the cost of investigation; and (3) that any testimony about alleged costs should be excluded if there is no documentation of such cost. Dkt. No. 212 at 19. Plaintiff argues that Defendants never moved to compel this information, and that Lisa King has personal knowledge of the information and should be allowed to testify about it. Dkt. No. 228 at 9.

Insofar as this motion refers to evidence only intended to be used for Plaintiff's claim under CFAA, the issue is moot, because Plaintiff notified Defendants and the Court that it is no longer pursuing a CFAA claim. Dkt. No. 230 at 25. Therefore, Defendants' motion on this issue is DENIED AS MOOT.

### 11. Defendants' Motion to Exclude Plaintiff's Expert Neil Beaton's Report and Attachment Thereto

Defendants move to exclude Neil Beaton's report, arguing that it is inadmissible hearsay. Dkt. No. 212 at 20. Plaintiff requests that the Court reserve ruling, stating it isn't seeking to admit the report as substantive evidence, but rather that portions thereof may be used for impeachment, refreshing recollections, or other permissible uses. The Court agrees with Plaintiff. Whether portions of the report will be admissible depends on how they are presented at trial.

Therefore, the Court RESERVES ruling on Defendants' motion to exclude Neil Beaton's report.

### 12. Defendants' Motion to Exclude Testimony from Expert Witness Lorraine Barrick Regarding Calculations Conducted by Plaintiff's Expert Neil Beaton

Defendants move to exclude portions of Lorraine Barrick's report to prove the matters discussed in the report are true, as these would be hearsay. Dkt. No. 212 at 21. In response, Plaintiff requests the Court reserve ruling, arguing that it is entitled to cross examine Ms. Barrick on portions of her report when appropriate for impeachment, or rebuttal under FRE 703 and 705. Dkt. No. 228 at 10. Plaintiff is not intending to admit the full report. Whether portions of Ms. Barrick's report are admissible depends on how testimony plays out at trial.

Therefore, the Court RESERVES ruling on Defendants' motion to exclude testimony from Ms. Barrick regarding calculations conducted by Mr. Beaton.

13.    **Defendants' Motion to Exclude Correspondence Between the Parties'**
       **Counsel**

The Court needs additional information from the Parties on this motion. The Parties

should be prepared to discuss further details on their arguments on this motion at the Pretrial

Conference. Therefore, the Court RESERVES ruling on Defendants' motion to exclude

correspondence between the Parties' counsel.

## IV.    CONCLUSION

Accordingly, the Court ORDERS as follows:

       (1)    The Court DENIES Plaintiff's motion to exclude testimony regarding Sam

               King's prior employment (Dkt. No. 210 § I).

       (2)    The Court GRANTS the Defendants' motion to exclude the Court's Order

               on Motion for Sanctions and Order on Motion to Seal (Dkt.

               No. 212 § III.1.).

       (3)    The Court DENIES Defendants' motion to exclude King Holmes's

               declaration. The Court RESERVES ruling on Defendants' motion to admit

               evidence of Defendant Holmes's truthful character under FRE 608(a)

               (Dkt. No. 212 § III.2.).

       (4)    The Court DENIES Defendants' motion to exclude evidence, testimony, and

               argument regarding Ryecon (Dkt. No. 212 § III.3.).

       (5)    The Court RESERVES ruling on Defendants' motion to exclude declarations

               of Bobbie Knight, Esther Kannenberg, and Karen Zell, and exhibits

               attached thereto (Dkt. No. 212 § III.4.).

//

//

1    (6)    The Court RESERVES ruling on Defendants' motion to exclude the

2          declaration of Sam King and exhibits attached thereto (Dkt. No. 212 §

3          III.5.).

4    (7)    The Court RESERVES ruling on Defendants' motion to exclude the

5          declaration of Scott Polus and exhibits attached thereto (Dkt. No. 212 §

6          III.6.).

7    (8)    The Court GRANTS Defendants' motion to exclude Silver Fern lay witness

8          Michael Gutierrez. (Dkt. No. 212 § III.7.).

9    (9)    The Court DENIES Defendants' motion to exclude testimony about Silver

10          Fern's investment in the development of trade secrets. (Dkt.

11          No. 212 § III.8.).

12    (10)   The Court DENIES Defendants' motion to exclude evidence, testimony, and

13          argument regarding Defendants' alleged deleted emails. (Dkt. No. 212 §

14          III.9.).

15    (11)   The Court DENIES AS MOOT Defendants' motion to exclude the evidence

16          not produced in discovery. (Dkt. No. 212 § III.10.).

17    (12)   The Court RESERVES ruling on Defendants' motion to exclude Neil

18          Beaton's report. (Dkt. No. 212 § III.11.).

19    (13)   The Court RESERVES ruling on Defendants' motion to exclude testimony

20          from Ms. Barrick regarding calculations conducted by Mr. Beaton. (Dkt.

21          No. 212 § III.12.).

22    //

23    //

24    //

(14)    The Court RESERVES ruling on Defendants' motion to exclude

correspondence between the Parties' counsel. (Dkt. No. 212 § III.13.).

Dated this 20th day of November, 2025.

Tana Lin
United States District Judge