Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LYONS, an individual, TROY KINTO, an individual, KING HOLMES, an individual, ROWLAND MORGAN, an individual, and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>Defendants. | Case No. 2:23-cv-00775-TL<br><br>**PRETRIAL ORDER** |
| SCOTT LYONS, an individual, and KING HOLMES, an individual,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>SILVER FERN CHEMICAL, INC., a Washington corporation, SAM KING, an individual, and LISA KING, an individual,<br><br>Counterclaim Defendants. | |

**JURISDICTION**

This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff states a cause of action arising under the laws of the United States, namely, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Defend Trade Secrets Act, 18 U.S.C. § 1836. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c) because Plaintiff's state law claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

This Court has personal and general jurisdiction over Defendants Holmes and Morgan because they reside in this District. This Court has personal and general jurisdiction over Defendant Ambyth because Defendant Ambyth's principal place of business is located in this District, and Defendant conducts substantial business in Washington and this District through its principal place of business.

This Court has personal jurisdiction over Defendants Lyons and Kinto because their alleged tortious conduct was committed in or directed to this District, or both. Venue is likewise proper as to Defendants in this District under 28 U.S.C. § 1391 because Defendant Ambyth is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

This Court has personal jurisdiction over Counterclaim Defendant Silver Fern which has already submitted to the jurisdiction of this Court by filing the underlying litigation against all Defendants. This Court has personal jurisdiction over Third-Party Defendants Sam and Lisa King who own and operate business in and whose conduct is directed to this District.

**CLAIMS AND DEFENSES**

**<u>Plaintiffs will pursue at trial the following claims:</u>**

1. Breach of Contract against Defendants Lyons, Kinto, and Holmes;

2. Breach of Duties of Loyalty and Confidentiality against Defendants Lyons and Holmes;

3. Breach of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., against all Defendants;

4. Breach of the Washington Uniform Trade Secrets Act, RCW 19.108.010 et seq., against all Defendants; and

5. Tortious Interference with business expectancy against all Defendants.

6. Tortious Interference with contract against Defendants Ambyth and Morgan.

**All Defendants will pursue the following affirmative defenses:**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to demonstrate the existence of enforceable agreements for reasons, including but not limited to lack of consideration.

3. Plaintiff has failed to mitigate its damages.

4. Plaintiff's claims are precluded by the failure of the occurrence of a condition precedent.

5. Plaintiff's damages, if any, were not proximately caused by Defendants.

6. Plaintiff's damages, if any, were caused by a superseding/intervening cause.

7. Plaintiff's damages, if any, were caused in whole or in part by its own fault, the fault of its agents, and/or the fault of third parties over whom Defendants had no control or right of control.

8. Plaintiff's claims for damages may be barred by the doctrine of offset or setoff.

9. Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

10. Plaintiff's claims may be barred by the doctrine of avoidable consequence.

11. Plaintiff's claims may be barred by the doctrine of estoppel and/or other principles of equity.

**Defendants Holmes, Kinto, and Lyons will pursue the following counterclaims:**

1) Breach of Implied Contract (Lyons and Holmes against Defendant Silver Fern).

2) Breach of Contract (Kinto against Defendant Silver Fern).

3) Willful Withholding of Wages under RCW 49.52.050 (against all Counterclaim Defendants).

4) Breach of Implied Duty of Good Faith and Fair Dealing (all Counterclaim Defendants).

**ADMITTED FACTS**

The following facts are admitted by the parties: (Enumerate every agreed fact, irrespective of admissibility, but with notation of objections as to admissibility. List 1, 2, 3, etc.)

1.) Sam and Lisa King founded Plaintiff Silver Fern Chemical, Inc. ("Silver Fern"), in 2004.

2.) Silver Fern is a company in the chemical distribution industry.

3.) Defendants Scott Lyons, Troy Kinto, and King Holmes (collectively, the "Sales Defendants") are former employees and commissioned salespeople of Silver Fern.

4.) In 2008, Defendants Lyons and Holmes joined Silver Fern.

5.) In 2014, Defendant Kinto joined Silver Fern.

6.) In February 2014, Silver Fern and Mr. Kinto negotiated an agreement that covered his employment, including his compensation plan.

7.) Defendant Ambyth Chemical Company ("Ambyth") is in the chemical distribution industry.

8.) Defendant Rowland Morgan is the owner of Ambyth.

9.) On April 17, 2023, the Sales Defendants started working at Ambyth.

**ISSUES OF LAW**

The following are the issues of law to be determined by the court: (List 1, 2, 3, etc., and state each issue of law involved. A simple statement of the ultimate issue to be decided by the court, such as "Is the plaintiff entitled to recover?" will not be accepted.) If the parties cannot

agree on the issues of law, separate statements may be given in the pretrial order.

1. Whether Silver Fern can establish each of the required elements of its claim for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836.

2. Whether Defendants' misappropriation of trade secrets under 18 U.S.C. § 1836 was willful and malicious.

3. Whether Silver Fern can establish each of the required elements of its claim for breach of contract against Defendants Holmes, Lyons, and Kinto.

4. Whether Silver Fern can establish each of the required elements of its claim for breach of the duties of loyalty and confidentiality against Defendants Holmes and Lyons.

5. Whether Silver Fern can establish each of the required elements of its claim for breach of the Washington Uniform Trade Secrets Act.

6. Whether Silver Fern can establish Defendants' misappropriation of trade secrets under the Washington Uniform Trade Secrets Act was willful and malicious.

7. Whether Silver Fern can establish each of the required elements of its claim for tortious interference.

8. Whether Counterclaim Defendants Silver Fern, Lisa King, and Sam King willfully withheld wages, including earned commissions, owed to Counterclaim Plaintiffs Kinto, Holmes, and Lyons pursuant to RCW 49.52.050.

9. Whether Counterclaim Defendant Silver Fern breached its contracts with Counterclaim Plaintiff Lyons when it failed to pay Lyons' commission payments on sales made and contracts procured for Counterclaim Defendant.

10. Whether Counterclaim Defendant Silver Fern breached its covenant of good faith and fair dealing to Counterclaim Plaintiff Lyons by preventing Lyons from obtaining the full benefit of performance under the parties' commission agreement.

11. Whether Counterclaim Defendant Silver Fern breached its contracts with Counterclaim Plaintiff Holmes when it failed to pay Counterclaim Plaintiff commission

payments on sales made and contracts procured for Counterclaim Defendant.

12. Whether Counterclaim Defendant Silver Fern breached its covenant of good faith and fair dealing to Counterclaim Plaintiff Holmes by preventing Holmes from obtaining the full benefit of performance under the parties' commission agreement.

13. Whether Counterclaim Defendant Silver Fern breached its contracts with Counterclaim Plaintiff Kinto when it failed to pay Counterclaim Plaintiff commission payments on sales made and contracts procured for Counterclaim Defendant.

14. Whether Counterclaim Defendant Silver Fern breached its covenant of good faith and fair dealing to Counterclaim Plaintiff Kinto by preventing Kinto from obtaining the full benefit of performance under the parties' commission agreement.

**EXPERT WITNESSES**

(a) Each party shall be limited to one expert witness(es) on the issues of damages.

(b) The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1) On behalf of plaintiff;

Neil J. Beaton, CPA/ABV/CFF, CFA, ASA
Alvarez & Marsal Valuation Services, LLC ("A&M")
1111 3rd Ave #2450
Seattle, WA 98101

Mr. Beaton will testify about his calculation of lost profits damages owed to Plaintiff.

(2) On behalf of defendant.

Lorraine Barrick, CPA
Lorrain Barrick LLC
1144 Federal Ave E.
Seattle, WA 98102

Ms. Barrick will testify about her opinions regarding the alleged economic damages of Silver Fern Chemical, Inc. ("Silver Fern" or the "Plaintiff"), and the report of Silver Fern's expert Neil Beaton dated April 16, 2024.

**OTHER WITNESSES**

(a) On behalf of plaintiff:

1. Sam King, Owner
Silver Fern Chemical Company
c/o Tousley Brain Stephens, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Mr. King may be called to testify about the formation and business of Silver Fern; Silver Fern's trade secrets and confidential information, including but not limited to Silver Fern's confidential customer and vendor lists; the chemical distribution industry; Defendant Lyons', Kinto's, and Holmes' employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which they had access; Defendant Lyons, Kinto, and Holmes' departure from Silver Fern; Defendants Lyons', Kinto's, and Holmes' confidentiality agreements with Silver Fern; and Defendants Lyons', Kinto's, and Holmes' diversion of Silver Fern business to Defendants Morgan and Ambyth and the resultant monetary damage to Silver Fern and unjust enrichment of Defendants.

2. Lisa King
Silver Fern Chemical Company
c/o Tousley Brain Stephens, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Ms. King may be called to testify about Silver Fern's trade secrets and confidential information, including but not limited to Silver Fern's confidential customer and vendor lists; Defendant Lyons', Kinto's, and Holmes' employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which they had access; Defendant Lyons, Kinto, and Holmes' departure from Silver Fern; Defendants Lyons', Kinto's, and Holmes' confidentiality agreements with Silver Fern; Defendants Lyons', Kinto's, and Holmes' diversion of Silver Fern business to Defendants Morgan and Ambyth; the confidential and trade secret information Defendants Lyons, Kinto, and Holmes accessed before and after their resignation from Silver Fern; and Defendants Lyons', Kinto's, and Holmes' attempts to

permanently delete thousands of emails in conjunction with their departure from Silver Fern.

3. Tim Lyons, Regulatory and Compliance Manager
Silver Fern Chemical Company
c/o Tousley Brain Stephens, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Mr. Lyons may be called to testify about Defendant Lyons', Kinto's, and Holmes' employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which they had access; Defendant Lyons, Kinto, and Holmes' departure from Silver Fern; Defendants Lyons', Kinto's, and Holmes' confidentiality agreements with Silver Fern; Defendants Lyons', Kinto's, and Holmes' diversion of Silver Fern business to Defendants Morgan and Ambyth; the confidential and trade secret information Defendants Lyons, Kinto, and Holmes accessed before and after their resignation from Silver Fern; and Defendants Lyons', Kinto's, and Holmes' attempts to permanently delete thousands of emails in conjunction with their departure from Silver Fern.

4. Karen Zell, Controller
Silver Fern Chemical Company
c/o Tousley Brain Stephens, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Ms. Zell may be called to testify about Defendants' Lyons', Kinto's, and Holmes' access to and viewing of confidential and trade secret information before and after their resignation from Silver Fern.

~~5. Michael Gutierrez~~[1]~~, Senior Director, Digital Forensic & Expert Services~~
~~Consilio, LLC ("Consilio")~~
~~Sixth Floor, 24 Chiswell Street~~
~~London EC1Y 4TY UK~~

~~Mr. Gutierrez may testify regarding the information and data Defendants Lyons, Kinto, and Holmes accessed before and after their resignation from Silver Fern and Defendants~~

[1] The Court granted Defendants' motion in limine to exclude Mr. Gutierrez as a witness. Dkt. No. 256 at 10–11.

~~Lyons', Kinto's, and Holmes' attempts to permanently delete thousands of emails in conjunction with their departure from Silver Fern.~~

6. King Holmes
c/o Ogden Murphy Wallace, PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Holmes may be called to testify about Silver Fern's trade secrets and confidential information, including but not limited to Silver Fern's confidential customer and vendor lists; his employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which he had access; his departure from Silver Fern; his confidentiality agreement with Silver Fern; his diversion of Silver Fern business to Defendants Morgan and Ambyth and his wife, Helen Holmes, as well as her new company, the value of that business, and the benefit to him personally from the diversion; the confidential and trade secret information he accessed before and after his resignation from Silver Fern; and his attempts to permanently delete thousands of emails in conjunction with his departure from Silver Fern.

7. Scott Lyons
c/o Ogden Murphy Wallace, PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Holmes may be called to testify about Silver Fern's trade secrets and confidential information, including but not limited to Silver Fern's confidential customer and vendor lists; his employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which he had access; his departure from Silver Fern; his confidentiality agreement with Silver Fern; his diversion of Silver Fern business to Defendants Morgan and Ambyth, the value of that business, and the benefit to him personally from the diversion; the confidential and trade secret information he accessed before and after his resignation from Silver Fern; and his attempts to permanently delete thousands of emails in conjunction with his departure from Silver Fern.

8. Troy Kinto
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Kinto may be called to testify to Silver Fern's trade secrets and confidential information, including but not limited to Silver Fern's confidential customer and vendor lists; his employment with and performance at Silver Fern Chemical, including the trade secret and confidential information to which he had access; his departure from Silver Fern; his confidentiality agreement with Silver Fern; his diversion of Silver Fern business to Defendants Morgan and Ambyth, the value of that business, and the benefit to him personally from the diversion; the confidential and trade secret information he accessed before and after his resignation from Silver Fern; and his attempts to permanently delete thousands of emails and a Teams message in conjunction with his departure from Silver Fern.

9. Rowland Morgan
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Morgan may be called to testify regarding Defendants Lyons', Kinto's, and Holmes' confidentiality agreements with Silver Fern; his recruitment and hiring of Defendants Lyons, Kinto, and Holmes to Defendant Ambyth, including his encouragement or inducement of Defendants' Lyons', Kinto's, and Holmes' misappropriation of Plaintiff's trade secret and confidential information; Defendants Lyons', Kinto's, and Holmes' diversion of Silver Fern business to himself and Defendant Ambyth; and the benefit to Defendants Morgan and Ambyth from Defendants Lyons', Kinto's, and Holmes' misappropriation of Silver Fern's confidential and trade secret information.

10. Lorraine Barrick
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Ms. Barrick may be called to testify regarding her rebuttal report to Mr. Beaton's calculations of the economic damages to Silver Fern for the damages caused by Scott Lyons, Troy Kinto, King Holmes, Rowland Morgan, and Ambyth Chemical Company, Mr. Beaton's calculation of Silver Fern's historical lost profits caused by Scott Lyons, Troy Kinto, King Holmes, Rowland Morgan, and Ambyth Chemical Company, and Mr. Beaton's calculation of lost profits from Scott Lyons, Troy Kinto, King Holmes, Rowland Morgan, and Ambyth Chemical Company.

(b) On behalf of defendant

1. Rowland Morgan
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Morgan is expected to testify to claims made by Plaintiff in this action, including information related to his history in the chemical distribution business, public and competitor information about customers of both Silver Fern and Ambyth, his dealings with Sam King, hiring of Defendants Lyons, Kinto, and Holmes, measures taken to prevent use of Silver Fern information and Ambyth's customers. Mr. Morgan will also testify to information related to amounts overdue to Ambyth and unpaid by Silver Fern as well as Ambyth offsets to Plaintiff's unjust enrichment claim.

2. Scott Lyons
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Lyons is expected to testify regarding Plaintiff's claims in this action, including

without limitation, customer information known to the public and competitors, to information related to his employment with and departure from Silver Fern, his subsequent employment with Ambyth, as well as his compensation received from and withheld by Silver Fern.

3. King Holmes
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Holmes is expected to testify to claims made by Silver Fern in this action, including without limitation, customer information known to the public and competitors, information related to his employment with and departure from Silver Fern, his subsequent employment with Ambyth, as well as his compensation received from and withheld by Silver Fern.

4. Troy Kinto
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Kinto is expected to testify to information related to his employment with and departure from Silver Fern, including without limitation, customer information known to the public and competitors his subsequent employment with Ambyth, as well as his compensation received from and withheld by Silver Fern.

~~5. Austin Arthur Britts~~[2]
~~c/o Ogden Murphy Wallace PLLC~~
~~901 Fifth Avenue, Suite 3500~~
~~Seattle, Washington 98164~~

~~Mr. Britts will testify to his knowledge regarding AOC's customer relationship with Ambyth.~~

6. Sam King
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

[2] The Court orally ruled at the Pretrial Conference that Mr. Britts is excluded as a witness.

Mr. King is expected to testify to the matters covered in deposition designations, public and competitor knowledge of information Silver Fern has claimed as a trade secret, Silver Fern's engagement or lack thereof with its customers following the departure of Holmes, Kinto and Lyons, Silver Fern's failure to mitigate its damages, if any, his knowledge of the employment of and compensation paid to Defendants Lyons, Scott and Holmes, representations made to third parties regarding Defendants, Silver Fern business practices, and Silver Fern profits and losses.

7. Lisa King
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Ms. King is expected to testify concerning the matters covered in her deposition and generally the employment of and compensation paid to defendants Lyons, Scott and Holmes, representations made to third parties regarding defendants, Silver Fern business practices, and Silver Fern profits and losses.

8. Peter Hennes
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Mr. Hennes is expected to testify regarding the Silver Fern's information technology systems and the continued availability to Silver Fern of all emails concerning Holmes, Kinto and Lyons.

9. SA Services
Jim Lombardi
Woodlands, TX
Tel: 715.385.5109
Possible Witness Only

Mr. Lombardi may testify about purchasing and decision making in the chemical distribution business and his dealings with Ambyth and Silver Fern.

10. AOC
Daniel Bowser
Possible Witness Only

Mr. Bowser is an employee of AOC and will have knowledge regarding the relationship between Ambyth and AOC and how AOC began doing business with Ambyth as well as customer decision making in the chemical distribution business.

11. Republic Services
Jim Van Bakel
jvanbakel@republicservices.com
Tel: 907.230.2299
Possible Witness Only

Mr. Van Bakel is an employee of Republic Services and has knowledge regarding the nature of the chemical trade industry and the dealings it has with chemical traders within the industry including Ambyth and Silver Fern.

12. TRInternational
Anthony "Tony" Ridnell
Tel: 206.979.1400
Possible Witness Only

Mr. Ridnell is the former owner of TRInternational, now known as Catalynt. Mr. Ridnell may be called as an impeachment witness.

13. Lindsay Cousley, in his personal capacity
Possible Witness Only

Mr. Cousley may be called as an impeachment witness.

(c) On behalf of counterclaim defendants

1. Lisa King, Owner
Silver Fern Chemical Inc.
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Ms. King may provide testimony concerning Silver Fern's course of dealing with regard to commissions paid to Mr. Lyons, Mr. Holmes, and Mr. Kinto, including deductions for cost

of sales; total compensation paid to Mr. Lyons, Mr. Holmes, and Mr. Kinto; amounts and calculations of deductions from commissions paid to Mr. Lyons, Mr. Holmes, and Mr. Kinto; and Silver Fern's reimbursement payments to Mr. Holmes and Mr. Kinto.

2. Sam King, Owner
Silver Fern Chemical Inc.
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Mr. King may provide testimony concerning discussions with Mr. Lyons, Mr. Holmes, and Mr. Kinto during sales and other meetings and email communications regarding sales, inventory purchases, compensation, commission payments, write-downs for inflated inventory values, market adjustments, and other terms regarding employment and compensation; agreements and course of dealing concerning deductions from commission payments to Mr. Lyons, Mr. Holmes, and Mr. Kinto; and legal costs and Silver Fern management time devoted to legal matters arising from business managed by Mr. Kinto.

3. Tim Lyons, Vice President, Quality and Compliance
Silver Fern Chemical Inc.
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Mr. Lyons may provide testimony concerning Silver Fern's advance notice to sales staff regarding future adjustments to reflect likely loss in value of inventory purchased at inflated prices, and advance notice regarding an increase in the administrative charge; and legal costs and Silver Fern management time devoted to legal matters arising from business managed by Mr. Kinto.

4. Karen Zell, Director of Finance
Silver Fern Chemical Inc.
c/o Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

Ms. Zell may provide testimony concerning Silver Fern's calculation of commissions paid to Mr. Lyons, Mr. Holmes, and Mr. Kinto; dates of payment of such commissions to Mr.

Lyons, Mr. Holmes, and Mr. Kinto; agreements concerning deductions from commission payments to Mr. Lyons, Mr. Holmes, and Mr. Kinto; amounts and calculations of deductions from commissions paid to Mr. Lyons, Mr. Holmes, and Mr. Kinto; Silver Fern's reimbursement payments to Mr. Holmes and Mr. Kinto; and communications with Mr. Lyons, Mr. Holmes, and Mr. Kinto regarding their inventory purchases, compensation, and employment.

5. Scott Lyons
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Lyons may provide testimony concerning his agreements and course of dealing with Silver Fern concerning deductions from commission payments; amounts deducted from his commission payments; and dates of payment of such commissions.

6. King Holmes
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Holmes may provide testimony concerning his agreements and course of dealing with Silver Fern concerning deductions from commission payments; amounts deducted from his commission payments; dates of payment of such commissions; and Silver Fern's reimbursement payments to Mr. Holmes.

7. Troy Kinto
c/o Ogden Murphy Wallace PLLC
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164

Mr. Kinto may provide testimony concerning his agreements and course of dealing with Silver Fern concerning deductions from commission payments; amounts deducted from his commission payments; dates of payment of such commissions; and Silver Fern's reimbursement payments to Kinto.

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are: (a) On behalf of plaintiff: (E.g., Jane Doe, 10 Elm Street, Seattle, WA; will testify concerning formation of the parties'

contract, performance, breach and damage to plaintiff.) (b) On behalf of defendant: (follow same format). (As to each witness, expert or others, indicate "will testify," or "possible witness only." Also indicate which witnesses, if any, will testify by deposition. Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, need not be named.)

**DEPOSITION DESIGNATIONS**

Pursuant to the Court's scheduling Order (Dkt. 182) and the Court's Standing Order, the parties hereby submit to the Court the following designations, with objections and responses thereto included in the margins in the transcript and in a separate table:

Plaintiff:

- ~~Scott Polus~~[3]
- Sam King 30(b)(6)

Defendants/Counterclaim Plaintiffs:

- Peter Hennes 30(b)(6)
- Sam King 30(b)(6)
- Lisa King 30(b)(6)
- ~~Scott Polus: Defendants' counter designations are offered contingent on the admission of the Polus deposition testimony in Plaintiff's case.~~
- Sam King (Personal Capacity)

**EXHIBITS**

The Parties attach as Appendix A hereto a joint exhibit list, Appendix B Plaintiff's exhibit list, Appendix C Defendants' and Counterclaim Plaintiffs' exhibit list, and Appendix D Counterclaim Defendants' exhibit list in conformity with Local Rule 16.1.

All parties reserve the right to object to all documents on foundation grounds and agree that foundation objections need not be listed on the exhibit list.

---

[3] At the Pretrial Conference, Counsel for Plaintiff stated that Plaintiff will not use Mr. Polus' deposition designation at trial as substantive evidence but reserves the right to use it for impeachment or refreshing recollection.

**The Parties' Objection Code:**

| | |
|---|---|
| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
| F | Lack of foundation |
| MIL | Subject of Motion in Limine |

## ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on December 1, 2025, at 9:00 a.m.

(b) Trial briefs were submitted to the court on November 14, 2025.

(c) Jury instructions requested by either party were submitted to the court on November 14, 2025. Suggested questions of either party to be asked of the jury by the court on voir dire were submitted to the court on November 14, 2025.

(d) A pretrial conference was held on November 21, 2025, where the Court issued the following orders for the reasons stated on the record at the conference:

1) The Court GRANTS Defendants' Motion in limine number 13 to exclude email correspondence between the Parties (Dkt. No. 212 at 21–22).

2) The Court DENIES Plaintiff's motion to exclude Defendants' late disclosed witnesses (Dkt. No. 215). However, under Federal Rule of Evidence 403, the Court excludes Defendant's proposed witness Austin Britts as cumulative to Daniel Bowser.

3) The Court GRANTS Defendants' motion to exclude late exhibits (Dkt. No. 236).

4) The Court DIRECTS the Parties to submit to the Court by 5:00p.m. on the Friday before the first day of trial (November 28, 2025), and every day thereafter, the exhibit list chart with any objections for any exhibits that might be used and the names of the witnesses who are expected to be called the following day.

5) The Court DIRECTS Plaintiff to file a motion regarding Defendants' proposed summary exhibit of costs (Dkt No. 230 at 25) by 5:00p.m. on Monday, November 24, 2025. Defendants are to file a response by 5:00p.m. on Tuesday, November 25, 2025. Plaintiff is to file any reply by 12:00p.m. on Wednesday, November 26, 2025.

This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 21st day of November, 2025.

Hon. Tana Lin, United States District Judge