The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LYONS, an individual, TROY KINTO, an individual, KING HOLMES, an individual, ROWLAND MORGAN, an individual, and AMBYTH CHEMICAL COMPANY, a Washington corporation<br><br>Defendants.<br><br>SCOTT LYONS, an individual, TROY KINTO, an individual, and KING HOLMES, an individual,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>SILVER FERN CHEMICAL, INC., a Washington Corporation, SAM KING, an individual, and LISA KING, an individual,<br><br>Counterclaim Defendants | Case No. 2:23-cv-00775-TL<br><br>COUNTERCLAIM DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO COUNTERCLAIM PLAINTIFFS SCOTT LYONS AND TROY KINTO'S WASHINGTON WAGE REBATE ACT CLAIMS<br><br>**NOTE FOR MOTION:**<br>**DECEMBER 12, 2025** |

## I.     RELIEF REQUESTED

Counterclaim Defendants move the Court for judgment as a matter of law under Fed. R. Civ. P. 50(a). Counterclaim Plaintiffs Scott Lyons and Troy Kinto seek to apply Washington's Wage Rebate Act, RCW 49.52, to their employment relationships with Counterclaim Defendants Silver Fern Chemical, Inc. ("Silver Fern"), Sam King, and Lisa King, even though they worked

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 1
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

and resided entirely outside Washington during the time period in question. All relevant contacts regarding their employment relationships occurred in California (where Silver Fern is headquartered), Texas (where Counterclaim Plaintiff Kinto resides and worked for Silver Fern), and Montana (where Counterclaim Plaintiff Scott Lyons resides and worked for Silver Fern). Washington law contains no textual grant of extraterritorial reach for the Wage Rebate Act – especially for non-Washington residents. When Washington wage and hour laws are read harmoniously, the Wage Rebate Act should not be interpreted to regulate conduct employment relationships that occurred wholly outside Washington. Choice-of-law and due process considerations further illustrate that the Wage Rebate Act should not extend to Counterclaim Plaintiffs Lyons and Kinto, as they are out-of-state workers. Counterclaim Defendants request that Jury Instruction # 72 be revised to reflect the Court's ruling.

## II.   STATEMENT OF FACTS

The Court is familiar with the facts in this case. As a result, for the sake of brevity, only the facts pertinent to this motion will be presented.

### A.   Pretrial Order Describing the Wage Rebate Act claims before the Court

On November 12, 2025, the parties filed a Pretrial Order. Dkt. 219. The Order stated that Counterclaim Plaintiffs Lyons and Kinto will each pursue a claim for willful withholding of wages under the Wage Rebate Act at trial. *Id.*

### B.   Counterclaim Defendants' Pleaded Defenses to Counterclaim Plaintiffs' Wage Rebate Act Claims.

Counterclaim Defendants filed an Answer to Defendant Lyons's remaining counterclaims on September 20, 2024. Dkt. 176. In their Answer, Counterclaim Defendants denied that the Court had personal jurisdiction over Counterclaim Plaintiff Lyons regarding his Washington law claims, as he is not a resident of Washington, nor did he work for Silver Fern in Washington during the three years prior to Silver Fern filing its lawsuit. *Id.* at ¶ 1.6. Counterclaim Defendants further

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 2
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

asserted that Counterclaim Plaintiff Lyons's state law claims were not proper before the Court. *Id.* at ¶ 1.8. Lyons was and is not a resident of Washington, nor did he perform work in Washington state during the time period in question; thus, he could not bring claims under Washington wage and hour statutes. *Id.* at Section VII, ¶ 8.

Counterclaim Defendants filed an Answer to Counterclaim Plaintiff Kinto's counterclaims on October 27, 2025. Dkt. 208. In their Answer, Counterclaim Defendants denied that the Court had personal jurisdiction over Counterclaim Plaintiff Kinto regarding his Washington law claims, as he is not a resident of Washington, nor did he work for Silver Fern in Washington. *Id.* at ¶ 1.4. Counterclaim Defendants further asserted that Defendant Kinto's state law claims were not proper before the Court. *Id.* at ¶ 1.6. Kinto was not a resident of Washington, nor did he perform work in Washington state; thus, he could not bring claims under Washington wage and hour statutes, *Id.* at Section VII, ¶ 8.

C. **Lyons and Kinto's Trial Testimony Support Counterclaim Defendants' Motion for Directed Verdict**

During trial, Counterclaim Plaintiffs Lyons, Kinto, and King Holmes testified (multiple times) that Counterclaim Defendants Sam and Lisa King resided in Montecito, California.

Counterclaim Plaintiff Lyons testified that he resided in Washington until 2018[1] and then moved to Whitefish, Montana, where he worked for Silver Fern in his "captains chair":

```
A    To clarify that I worked in the office on Queen Anne from
     '08 until about -- let's see, I've been in Montana for 7 and
     a half years, so until about 2018.  So about ten years in the
     office on Queen Anne.  And when I moved to my home in
     Montana, and worked remotely.  The hard drive in the computer
```

---

[1] A wage and an implied in fact contract claim **both** have 3 year statutes of limitation. *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837-38, 991 P.2d 1126 (2000); *O'Neil v. Estate of Murtha*, 89 Wn. App. 67, 69-70, 947 P.2d 1252 (1997). Lyons lived and worked outside of Washington for more than 3 years when he filed his counterclaims.

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 3
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

1
2
3
4

> went with me, because I'm kind of old school, and I wanted to use this -- I call it the "captains chair." But everything has to kind of look the same in front of me, so I worked off of that. And I also had my cell phone and there was a laptop that I used for travel.

5  (Trial transcript, 12/3/25, 160:21-161:1-7).

6  Counterclaim Plaintiff Lyons did not testify that he performed any work in Washington during the three years prior to Silver Fern filing a lawsuit against him, or that any of the Silver Fern customers he worked with were located in Washington. Lyons did not testify that he is owed commissions for Washington-based customers. Lyons did testify that Counterclaim Defendant Sam King worked from California. (Trial transcript, 12/3/25, 242:12-22).

Counterclaim Plaintiff Kinto testified that his employment interview with Sam and Lisa King of Silver Fern took place in California. (Trial transcript, 12/5/25, 10:13-16). He further testified that the *functional headquarters* for Silver Fern was in Montecito:

> A    Sure. So the functional headquarters for Silver Fern at the time was in Santa Barbara, or I should say Montecito, where Sam and Lisa had the office. And I worked in North Orange County, L.A. County, kind of a hybrid area. And the drive between those two places is just not manageable. So I worked remotely. At first we rented office space. And I say "we." It was a customer service person and myself that shared office space. We started in Norwalk, California, which again is right there Orange County east L.A. County area. And then we moved to a separate office which also may have been in Norwalk regardless it was a small office that we used to work out of remotely from where everybody else worked.

(Trial transcript, 12/4/25, 161:11-20).

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 4
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Counterclaim Plaintiff Kinto also testified that he resided in California when Silver Fern hired him and that he moved to Texas in 2016 where he lives now. (Trial transcript, 12/5/25, 11:8-13). Kinto admitted under oath that he does not live in Washington, he does not work in Washington, and he has no customers in Washington. (Trial transcript, 12/5/25, 11:15-19).

Counterclaim Plaintiff King Holmes testified that Sam and Lisa King moved to Montecito, California, in 2014, where they ran Silver Fern. (Trial transcript, 12/2/25, 140:11-20).

### III.   ISSUE PRESENTED

Should the Court grant a directed verdict on Counterclaim Plaintiff Lyons's and Kinto's claims under Washington's Wage Rebate Act (RCW 49.52) because Silver Fern employed neither Lyons nor Kinto in Washington during the period in question under Fed. R. Civ. Pro. 50(a)?

### IV.   EVIDENCE RELIED UPON

Counterclaim Defendants rely on the trial testimony, admitted trial exhibits, and the pleadings and files herein.

### V.   AUTHORITY

Fed. R. Civ. P. 50(a) provides that an issue may be resolved against a party when the "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "Rule 50(a) thus allows a court to remove issues — claims, defenses, or entire cases—from the jury when there is no legally sufficient evidentiary basis to support a particular outcome." *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007). The standard is "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). The evidence presented must be enough upon which a reasonable jury could find in favor of the party producing the evidence and bearing the burden of proof. *Id*. at 250-252. The primary inquiry is "whether the

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 5
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

A.   **Washington Wage Statutes.**

Questions of statutory interpretation are questions of law. *Union Pac. R.R. Co. v Danner*, 2023 U.S. Dist. LEXIS 159439, * at 10-11 (W.D. Wash. 2023). Washington wage statutes should be construed harmoniously. As the Washington Supreme Court has explained, "[w]here possible, statutes should be read together to determine the legislative purpose and to achieve a total harmonious statutory scheme." *Marquis v. City of Spokane*, 130 Wn.2d 97, 119, 922 P.2d 43 (1996) (citing *King County Fire Dist. No. 16 v. Housing Auth.*, 123 Wn.2d 819, 826-27, 872 P.2d 516 (1994)). "The meaning of ambiguous statutes must be determined by examining the statutory scheme as a whole, and legislative history may serve as an important tool in divining legislative intent." *Id*. at 117 (citing *In re Sehome Park Care Ctr.*, 127 Wn.2d 774, 778, 903 P.2d 443 (1995)).

The Minimum Wage Act (RCW 49.46), Equal Pay and Protection Act (RCW 49.58), and Wage Rebate Act (RCW 49.52) are part of Washington state's wage-and-hour framework. While the Wage Rebate Act does not expressly state that it applies to Washington workers, the Equal Pay and Protection Act and Minimum Wage Act do. The Legislature's intent under the Equal Pay and Opportunities Act expressly states it applies to *Washington* workers:

> RCW 49.58.005(1): "The legislature finds that despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among **workers in Washington**, especially women and workers in other protected classes."

Emphasis added.

> RCW 49.58.005(2): "The legislature intends to update the existing Washington state equal pay act, not modified since 1943, to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of **all workers in Washington state**."

Emphasis added.

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 6
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

The Legislature's intent to apply *only* to Washington employees is clearly stated under the Minimum Wage Act:

> RCW 49..46.005(1): Whereas the establishment of a minimum wage for employees is a subject of vital and imminent concern **to the people of this state** and requires appropriate action by the legislature to establish minimum standards of employment within the state of Washington, therefore the legislature declares that in its considered judgment the health, safety and the general welfare of the citizens of this state require the enactment of this measure, and exercising its police power, the legislature endeavors by this chapter to establish a minimum wage **for employees of this state** to encourage employment opportunities within the state. The provisions of this chapter are enacted in the exercise of the police power of the state for the purpose of protecting the immediate and future health, safety and welfare of the **people of this state**.

Emphasis added.

Because Wage Rebate Act claims generally flow directly from violations of the Equal Pay and Protection Act and the Minimum Wage Act, it may be inferred that the Legislature intended the Wage Rebate Act to apply only to Washington-based employees. Counterclaim Plaintiffs Lyons and Kinto are not Washington-based employees. They are based in Texas and Montana. Accordingly, the Washington's wage statutes are inapplicable to their claims.

**B.      Choice-of-Law and Due Process Considerations Confirm RCW 49.52 should Not Apply to Out-of-State Employment Relationships.**

*1.      Choice of Law.*

Choice-of-law principles and due process concerns caution against applying Washington wage penalties (particularly exemplary double damages) to conduct and relationships lacking a Washington nexus. Whether Washington or another state law applies will turn on the most significant relationship test. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 713 n.5, 153 P.3d 846 (2007) (holding that extraterritorial application of Washington law "will depend on factors that courts routinely use for deciding choice of law issues."); *Raymond v. Knight Transp., Inc.*, No. 17-0028-JCC, 2018 U.S. Dist. LEXIS 100489, at *5 (W.D. Wash. June 14, 2018).

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 7
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

*Bostain* opined that a Washington statute could apply extraterritorially only where there was a "'substantial relationship between the subject matter, the parties, and the forum state' and there was no attempt to apply the state law 'to transactions completely unrelated to Washington.'" *Bostain*, 159 Wn.2d at 720 (quoting *Haberman v. Washington Public Power Supply System*, 109 Wn.2d 107, 744 P.2d 1032, 750 P.2d 254 (1987)).

"When determining which state has the most significant relationship to the parties and occurrence at issue, courts consider the following contacts: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Raymond,* U.S. Dist. LEXIS 100489, at *7-8 (W.D. Wash. June 14, 2018) (citing Restatement § 145(2)). A district court places significant weight on the second step of the most significant factor test – *i.e.*, "the interests and public policies of the jurisdictions." *Id.* at *15. Concluding that Washington law applied to the facts in that case, the *Raymond* court found Washington had "a clear interest in providing Plaintiffs with protections of its wage and hour laws" and the "comparative interests of Oregon and Idaho [to] appear less strong." *Id.* A similar analysis should be done here.

When applying the most-significant factor test in a choice of law analysis here, Washington does not even factor into the equation. There is no evidence in the record that during the period of time at issue Counterclaim Plaintiff Lyons and Kinto had any contacts with Washington – they did not reside or work in Washington, and there is no evidence that they served customers in Washington. Counterclaim Defendant Silver Fern's headquarters was located in Santa Barbara, California, and Counterclaim Defendants Sam and Lisa King resided in Montecito, California.

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 8
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

### 2. The place where the injury occurred.

In wage and hour lawsuits, "the work, and the corresponding injury, is not easily pinpointed to a single state." *Raymond*, 2018 U.S. Dist. at *9–10. A court will most likely find this factor to be "minimally relevant" as the injuries could have "occurred" in multiple states. For example, Counterclaim Plaintiff Lyons's injuries occurred in Montana, where he resided and worked, and Counterclaim Kinto's injuries occurred in Texas, where he resided and worked. Counterclaim Defendants directed Lyons's and Kinto's work from California. If there was an injury – which Counterclaim Defendants deny – it did not happen in Washington.

### 3. The place where the conduct causing the injury occurred.

Silver Fern is headquartered in Santa Barbara, California, and the corporation's Governors, Sam and Lisa King, reside in Montecito, California. All wage and hour policies and decisions occurred in California. Neither Lyons nor Kinto testified that they conducted business with clients in Washington state. While this factor should militate in favor of applying California law, courts have found the place where the conduct causing the injury occurred to be of minimal importance.

### 4. The domicile, residence, or place of incorporation of the parties.

Neither Counterclaim Plaintiff Lyons nor Kinto was a Washington resident. Lyons is a resident of Montana, and Kinto is a resident of Texas. Silver Fern is headquartered in California and performs its administrative functions there.

### 5. The place where the relationship between the parties.

With respect to the place where relationship between the parties prong, the employment relationship centered on Montana, where Counterclaim Plaintiff Lyons resided and worked; Texas, where Counterclaim Plaintiff Kinto resided and worked; and California, where Counterclaim Defendants Silver Fern, Sam King, and Lisa King directed their work and

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 9
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

established policies and procedures. Because Washington state is not even considered in applying the significant-factor test, Counterclaim Plaintiffs Lyons and Kinto cannot bring claims under the Washington Wage Rebate Act. An order granting judgment as a matter of law in favor of Counterclaim Defendants is appropriate.

### 6. *Due Process Dictates Washington's Wage Laws Should Not Apply.*

Applying the Wage Rebate Act to employment relationships with no Washington nexus would violate fundamental due process principles under the U.S. Constitution. The Supreme Court has long held that a state may not impose its laws on parties or conduct that lack minimum contacts with the state. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312–13 (1981) (choice-of-law must satisfy due process; state must have significant contacts creating state interests). Applying the Washington state Wage Rebate Act extraterritorially would create unpredictable liability for multi-state employers and conflict with other states' wage laws, undermining fair notice and predictability, which are core due process concerns.

As described above, there are no minimum contacts with Washington state. As there are no minimum contacts with Washington state, the Wage Rebate Act should not apply to Counterclaim Plaintiffs Lyons' and Kinto's employment relationships with Silver Fern, Sam King, and Lisa King.

## VI. CONCLUSION

For the foregoing reasons, Counterclaim Defendants Silver Fern, Sam King, and Lisa King request that the Court grant their motion for judgment as a matter of law regarding Counterclaim Plaintiffs Lyons's and Kinto's claims under the Wage Rebate Act. Counterclaim Defendants further request that Jury Instruction # 72 be revised to reflect the Court's ruling.

COUNTERCLAIM DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW – 10
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Dated this 12th day of December, 2025.

SEBRIS BUSTO JAMES

*s/ Darren Feider*
Darren Feider, WSBA No. 22430
Tina M. Aiken, WSBA No. 27792
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
T: 425 454-4233
E-mail: dfeider@sbj.law
E-mail: taiken@sbj.law

*Attorneys for Counterclaim Defendants Silver Fern Chemical, Inc., Sam King, and Lisa King*

COUNTERCLAIM DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW – 11
*Silver Fern Chemical Inc. v. Lyons, et al. - Case No. 2:23-cv-00775-TL*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005