UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVER FERN CHEMICAL, INC., a Washington corporation,<br><br>Plaintiff,<br>v.<br><br>SCOTT LYONS, an individual; TROY KINTO, an individual; KING HOLMES, an individual; ROWLAND MORGAN, an individual; and AMBYTH CHEMICAL COMPANY, a Washington corporation,<br><br>Defendants. | CASE NO. 2:23-cv-00775-TL<br><br>ORDER ON MOTION TO MAINTAIN EXHIBIT UNDER SEAL |
| SCOTT LYONS, an individual, TROY KINTO, an individual, and KING HOLMES, an individual,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>SILVER FERN CHEMICAL, INC., a Washington corporation, SAM KING, an individual, and LISA KING, an individual,<br><br>Counterclaim Defendants. | |

This matter is before the Court on Plaintiff Silver Fern Chemical, Inc.'s ("Silver Fern") Motion to Maintain Exhibit Under Seal. Dkt. No. 350. Having considered Plaintiff's motion, Defendants' response, Plaintiff's reply, and the relevant record, the Court GRANTS Plaintiff's motion.

## I. Background

This case was tried to a jury between December 1, 2025 (Dkt. No. 275 (Jury Trial Minute Entry Day 1)), and December 12, 2025 (Dkt. No. 294 (Jury Trial Minute Entry Day 10)), with the jury issuing a verdict on December 18, 2025 (Dkt. No. 314 (Jury Verdict Minute Entry)). The Court assumes familiarity with the facts of this case.

## II. Legal Standard

There is a strong presumption of public access to court-filed documents. LCR 5(g); *accord Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In the Ninth Circuit, the standard turns on the nature of the filing.

A party seeking to seal records related to motions that are non-dispositive and unrelated to the merits of the case "need only satisfy the less exacting 'good cause' standard." *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id*. (omission in original) (quoting Fed. R. Civ. P. 26(c)(1)).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case," *id.* at 1101, must "meet the high threshold of showing that 'compelling reasons' support secrecy," *Kamakana*, 447 F.3d at 1180. Documents not attached to dispositive motions, but which still relate to the merits of a case, must also meet the compelling reasons standard for sealing. *See Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring "parties to show 'compelling reasons' to justify sealing documents attached to dispositive motions *and other filings that relate*

*to the merits of a case*, even when those documents were produced pursuant to a sealing order" (emphasis added)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

A motion to seal a document must include

> [a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3)(B).

## III. Discussion

Plaintiff requests that the Court seal Exhibit E (Dkt. No. 285-5) to the declaration of Cynthia S. Park, counsel for Defendants, (Dkt. No. 285).

### A. The Compelling Reasons Standard Applies

Before reaching the question of whether to seal the exhibit, the Court must answer the question of whether the good-cause standard or compelling-reasons standard applies. The exhibit is attached to Park's declaration, which was filed in support of Defendants' supplemental briefing (Dkt. No. 284) to their response to Plaintiff's motion to exclude Defendants' exhibits (Dkt. No. 263). Plaintiff asserts the good-cause standard applies because the exhibit was related to a non-dispositive motion.[1] Dkt. No. 350 at 4. Defendants argue that the compelling-reasons

[1] Plaintiff asserts that regardless of whether the good cause or compelling reasons standard applies, it has met its burden. Dkt. No. 350 at 4.

standard applies because the exhibit itself is more than tangentially related to the merits of the case. Dkt. No. 357 at 4. Plaintiff asserts that the exhibit it seeks to seal includes "confidential trade secret information." Dkt. No. 350 at 4. The Court agrees with Defendants. Although the exhibit is related to non-dispositive briefing, the fact that it includes information related to Plaintiff's trade secret means it goes to the heart of this case. Therefore, the compelling-reasons standard applies. *See Ground Zero*, 860 F.3d at 1261.

**B. Request to Seal**

Relevant to the instant matter, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.38 at 1179 (quoting *Nixon*, 435 U.S. at 598). Moreover, "compelling reasons may exist if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)) (citation modified). Such sealing may include documents that contain "confidential financial, pricing, and strategic planning information." *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016).

Defendants argue that the exhibit includes Defendant Ambyth's transactions, and that any assertion by Plaintiff, including in Sam King's declaration (Dkt. No. 351), that such customers were taken from Plaintiff, is unsupported. Dkt. No. 357 at 2. Further, Defendants argue that the exhibit "is not the trade secret [Plaintiff] has claimed in this litigation, *i.e.*, a compilation of customer information, nor has [Plaintiff] identified each vendor, product, or transaction detail that exists within its trade secret compilation." *Id.* at 4–5. Defendants argue that Plaintiff's

"vague assertion" that information in the exhibit will be used for unfair competition is not sufficient to meet the compelling reasons standard. *Id*. at 5.

Defendants' arguments fail for several reasons. First, the information in Defendants' exhibit may be a list of transactions that Defendant Ambyth did, but in the brief that the exhibit is related to, Defendants concede that the exhibit was provided to Plaintiff because Plaintiff "requested documents 'sufficient to show' Ambyth's profit on sales to Silver Fern customers" and, therefore, "Ambyth provided a schedule prepared by Rowland Morgan identifying Ambyth's gross profits on sales to Silver Fern customers to date." Dkt. No. 284 at 4. Therefore, there is merit to Plaintiff's assertions that the information within the exhibit is from customers with whom Defendant Ambyth only began working *after* Defendants King Holmes, Scott Lyons, and Troy Kinto brought such customers to Defendant Ambyth. As pointed out by Plaintiff (*see* Dkt. No. 358 at 2–3), Defendants do not argue that Defendant Ambyth had these clients prior to Defendants Holmes, Lyons, and Kinto's move to Defendant Ambyth.

Second, Plaintiff need not assert that the exhibit is the full trade secret. Plaintiff makes clear that information in the exhibit is a "summary of purchases" that includes "identities of vendors, the corresponding products they supply, quantity, rate, and cost amount," and that such information is confidential and is part of its trade secret. Dkt. No. 350 at 4. Other courts in this District have found that similar information can be sealed. *See, e.g.*, *J.R. Simplot Co.*, 2016 WL 11066581, at *1 (sealing document that contains "confidential financial, pricing, and strategic planning information"); *Philips N. Am. LLC v. Summit Imaging Inc.*, Case No. C19-1745, 2021 WL 1865626, at *2 (W.D. Wash. May 4, 2021) (sealing "business documents that contain proprietary financial information or strategic planning information that would harm the parties' positions in the industry if revealed"). In fact, this Court previously found that this type of information meets the compelling reasons standard for sealing, and it sees no reason to stray

from such belief as it relates to the current exhibit. *See* Dkt. No. 52 (Order on Motions to Seal) at 4–7.

Third, Plaintiff did not make "vague assertions" that competitors could use such information to unfairly compete against Plaintiff. Plaintiff established that it took years to build a relationship and gain the business of the customers in the exhibit. Dkt. No. 351 ¶ 6. Plaintiff also argued that to even establish a business relationship with customers, it has to "expend[] time and money to ensure quality and unique specifications that each vendor is supplying," and that "only a fraction [of these investments] pan out." Dkt. No. 350 at 4–5. This shows the Court that publicly revealing the information in the exhibit could give competitors a shortcut to doing business with the customers referenced, rather than by going through a lengthy process to earn such business. Lastly, although Defendants attempt to use *Virun, Inc. v. Cymbiotika, LLC* as support for their argument that Plaintiff's assertions are vague, that order was a much different posture than the current one. *See* Dkt. No. 357 at 5 (citing *Virun, Inc. v. Cymbiotika, LLC*, No. C22-325, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022)). In *Virun*, the court decided the issue on a motion for preliminary injunction, whereas in the instant matter, the Court must decide on a post-trial motion to seal. Unlike in *Virun*, the merits of this case have already been decided, and the Court has heard significant testimony about the nature of Plaintiff's business and competition within the industry. Given this understanding, as well as the fact that the jury already found Defendants misappropriated Plaintiff's trade secret, including the type of information included in the document at issue, Plaintiff's arguments regarding potential competitors has merit. Therefore, the Court finds that Plaintiff has established that sealing the exhibit outweighs the public's interest, because it may become a vehicle for improper purposes.

Lastly, Plaintiff asserts that it will file a redacted version of the exhibit, which satisfies the requirement to seek a less restrictive alternative. Therefore, Plaintiff has met all of the requirements under LCR 5(g)(3)(B). The Court therefore GRANTS Plaintiff's motion.

## IV. CONCLUSION

Accordingly, Plaintiff's motion (Dkt. No. 350) is GRANTED. It is hereby ORDERED that Exhibit E to the Park Declaration (Dkt. No. 285-5) be maintained under seal. Plaintiff is ORDERED to submit a redacted copy of the exhibit within **twenty-one (21) days** of this Order.

Dated this 25th day of August, 2026.

Tana Lin
United States District Judge